## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

SRAM, LLC,

                Plaintiff,

v.

PRINCETON CARBON WORKS INC.,

                Defendant.

Case No. 9:21-cv-80581 RKA

### PRINCETON CARBON WORKS INC.'S
### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Princeton Carbon Works Inc. ("PCW"), by and through undersigned counsel, hereby answers the Complaint (Dkt. No. 1) filed by Plaintiff SRAM, LLC ("SRAM"), asserts affirmative defenses thereto and counterclaims against SRAM, as follows.

Anything in SRAM's Complaint to which PCW does not expressly admit herein is expressly denied.

### PARTIES

1.      PCW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies those allegations.

2.      PWC admits it is a Florida corporation by virtue of incorporating in Florida, and has a registered agent Robert J. Hunt, 1440 South Ocean Boulevard, Apartment 3C, Pompano Beach, FL 33062. PCW denies the remaining allegations in Paragraph 2.

### JURISDICTION AND VENUE

1.      PCW admits that SRAM purports to bring a civil action for patent infringement under the patent laws of the United States, specifically, Title 35 of the United States Code. PCW

denies that SRAM is entitled to any relief sought and denies any liability herein, and denies the remainder of any additional allegations set forth in Paragraph 1.[1]

2.      Paragraph 2 of the Complaint contains conclusions of law, to which no response is required. To the extent Paragraph 2 contains factual allegations, PCW denies those allegations.

3.      Paragraph 3 of the Complaint contains conclusions of law, to which no response is required. To the extent Paragraph 3 contains factual allegations, PCW denies those allegations.

4.      Paragraph 4 of the Complaint contains conclusions of law, to which no response is required. To the extent Paragraph 4 contains factual allegations, PCW denies those allegations. PCW denies any liability herein, and denies the remainder of any additional allegations set forth in Paragraph 4.

5.      PCW admits that it resides in this District by virtue of its incorporation in Florida and location of its registered agent. The remainder of Paragraph 5 of the Complaint contains conclusions of law, to which no response is required. To the extent a response is required, PCW denies the remainder of the allegations set forth in Paragraph 5.  For the avoidance of doubt, PCW specifically denies that it "may be found in this District by virtue of its activities in this District."

6.      PCW admits that it sells and/or distributes bicycle wheels in the United States and has sold and/or distributed a small number of bicycle wheels in this District directly or through intermediaries. PCW denies the remainder of the allegations set forth in Paragraph 6.

7.      PCW admits that it tested a prototype of its Wake 6560 wheel in the state of Florida.  PCW expressly denies that its Wake 6560 wheel infringes either asserted patent. PCW denies the remainder of the allegations set forth in Paragraph 7.

---

[1] The corresponding paragraph numbering in SRAM's Complaint restarts at 1. For consistency, the paragraph numbering in this Answer matches that of the Complaint.

8.      PCW admits that it makes, sells, offers for sale, and/or imports into the United States bicycle wheels. PCW admits that it describes the Wake 6560 and Grit 4540 wheels at https://www.princetoncarbon.com/product/wake-6560/                            and https://www.princetoncarbon.com/product/grit-4540/. PCW admits that the images reproduced Paragraphs 9 and 10 appear to be the PCW Wake 6560 wheel and the PCW Grit 4540 wheel. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and therefore denies those allegations.

9.      PCW admits that the images reproduced in Paragraph 9 appear to be of the PCW Wake 6560 Wheel.

10.     PCW admits that the images reproduced in Paragraph 10 appear to be of the PCW Grit 4540 Wheel.

11.     PCW admits that the PCW Wake 6560 and Grit 4540 Wheels (collectively "the PCW Wheels") have been offered for sale in the Unites States. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies those allegations.

12.     PCW admits that it has sold the Wake 6560 and Grit 4540 wheels in the United States. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies those allegations.

13.     PCW admits that it has imported into the United States the Wake 6560 and Grit 4540 wheels. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and therefore denies those allegations.

14.     PCW admits that it advertises bicycle wheels, such as the Wake 6560 and Grit 4540 wheels, in the United States. PCW lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 14, and therefore denies those allegations.

15.     PCW admits that the bicycle wheels it sells, such as the Wake 6560 and Grit 4540 wheels, are placed on bicycles in the United States. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore denies those allegations.

16.     PCW admits that it advertises its bicycle wheels on its website (www.princetoncarbon.com). PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and therefore denies those allegations.

17.     PCW denies the allegations of Paragraph 17.

18.     Paragraph 18 of the Complaint contains conclusions of law, to which no response is required.  PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18, and therefore denies those allegations.

## BACKGROUND

19.     PCW admits that the '800 Patent is entitled "Bicycle Wheels" and issued on April 4, 2017. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore denies those allegations.

20.     PCW admits that the '800 Patent issued from Application No. 13/809,615. PCW further admits that Exhibit A appears to be a copy of the '800 Patent. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore denies those allegations.

21.     PCW admits that the '188 Patent is entitled "Bicycle Wheels" and issued on April 7, 2020. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies those allegations.

22.     PCW admits that the '188 Patent issued from Application No. 15/472,933. PCW further admits that Exhibit B appears to be a copy of the '188 Patent. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and therefore denies those allegations.

23.     PCW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies those allegations.

24.     Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, PCW admits that columns 10 through 12 of the '800 Patent and columns 11 through 12 of the '188 Patent set forth the claims of each respective patent. PCW denies the remainder of the allegations set forth in Paragraph 24.

25.     Paragraph 25 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 25.

26.     Paragraph 26 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 26.

27.     Paragraph 27 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 27.

28.     Paragraph 28 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 28.

29.     Paragraph 29 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 29.

30.     Paragraph 30 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 30.

31.     Paragraph 31 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 31.

32.     Paragraph 32 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 32.

33.     Paragraph 33 of the Complaint contains conclusions of law and interpretations of claim terms to which no response is required. To the extent a response is required, PCW denies the allegations of Paragraph 33.

34.     PCW admits that it makes bicycle wheels, including the Wake 6560 and Grit 4540 wheels. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore denies those allegations.

35.     PCW admits that it markets its Wake 6560 and Grit 4540 wheels. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies those allegations.

36.     PCW admits that it sells bicycle wheels in the United States, including the Wake 6560 and Grit 4540 wheels. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies those allegations.

37.     PCW admits that it offers to sell bicycle wheels in the United States, including its Wake 6560 and Grit 4540 wheels. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and therefore denies those allegations.

38.     PCW admits that it imports bicycle wheels, including its Wake 6560 and Grit 4540 wheels, into the United States. PCW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and therefore denies those allegations.

## COUNT I
### (Infringement of U.S. Patent No. 9,610,800 B2 by Defendant PCW)

39.     To the extent there is anything alleged in paragraph 39, PCW incorporates its responses to Paragraphs 1-38 above as if alleged fully herein.

40.     PCW denies the allegations of Paragraph 40 of the Complaint.

41.     PCW denies the allegations of Paragraph 41 of the Complaint.

42.     PCW denies the allegations of Paragraph 42 of the Complaint.

43.     PCW denies the allegations of Paragraph 43 of the Complaint.

44.     PCW denies the allegations of Paragraph 44 of the Complaint.

## COUNT II
### (Infringement of U.S. Patent No. 10,611,188 B2 by Defendant PCW)

45.     To the extent there is anything alleged in paragraph 39, PCW incorporates its responses to Paragraphs 1-44 above as if alleged fully herein.

46.     PCW denies the allegations of Paragraph 46 of the Complaint.

47.     PCW denies the allegations of Paragraph 47 of the Complaint.

48.     PCW denies the allegations of Paragraph 48 of the Complaint.

49.     PCW denies the allegations of Paragraph 49 of the Complaint.

50.     PCW denies the allegations of Paragraph 50 of the Complaint.

### RESPONSE TO REQUEST FOR RELIEF

SRAM is not entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

### AFFIRMATIVE DEFENSES

PCW further asserts the following affirmative defenses, without admitting any allegation not otherwise expressly admitted and without assuming the burden of proof when such burden would otherwise be on SRAM, and repeats and includes all of the facts stated in the below counterclaim.

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

SRAM's complaint fails to state a claim upon which relief may be granted.  SRAM's infringement allegations are insufficient, indecipherable, and fail to put PCW on notice as to how SRAM alleges PCW infringes the '800 or '188 patents.

### SECOND AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

PCW has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of either the '800 Patent or

'188 Patent ("the Asserted Patents"), either literally or through the doctrine of equivalents. SRAM's infringement allegations are insufficient, indecipherable, and fail to put PCW on notice as to how SRAM alleges PCW infringes the '800 or '188 patents.  To the extent PCW is able to understand SRAM's apparent interpretation and application of the asserted claims of the '800 and '188 patents, PCW Wheels do not include, at least, by way of example but without limitation, the "wherein the rim has a radially inner edge, and wherein at least part of the radially inner edge has an undulating configuration and a radial distance that continuously varies between adjacent peaks and troughs of the undulating configuration, each peak of the undulating configuration having a convex exterior profile in a plane of the wheel" limitations of claim 1 of the '800 patent, or the "wherein at least part of a radially inner edge of the rim has an undulating curve configuration, the undulating curve configuration having peaks and troughs, and wherein the radially inner edge has convex profiles in convex regions of the rim, the convex regions including the peaks" limitations of claim 1 of the '188 patent.

## THIRD AFFIRMATIVE DEFENSE: INVALIDITY

One or more claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. §§ 101, 102, 103, and 112.  For example, but without limitation, one or more claims of the Asserted Patents are invalid and/or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103 based on SRAM's apparent interpretations of the asserted claims of the '800 and '188 patents.  Further, under 35 U.S.C. § 112, one or more claims of the Asserted Patents are invalid because the full scope of those claims is not adequately supported by a written description, is not enabled, and is indefinite.  To the extent PCW is able to understand SRAM's apparent interpretations of the asserted claims of the '800 and '188 patents, at least, by way of example but without limitation, the "wherein the rim has a radially inner edge, and wherein at least part of the radially inner edge has an undulating configuration and a radial

distance that continuously varies between adjacent peaks and troughs of the undulating configuration, each peak of the undulating configuration having a convex exterior profile in a plane of the wheel" limitations of claim 1 of the '800 patent and the "wherein at least part of a radially inner edge of the rim has an undulating curve configuration, the undulating curve configuration having peaks and troughs, and wherein the radially inner edge has convex profiles in convex regions of the rim, the convex regions including the peaks" limitations of claim 1 of the '188 patent lack written description, are not enabled, and are indefinite.

### FOURTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

SRAM's claims are barred, in whole or in part, by representations or actions taken during the prosecution of the patent applications that ultimately issued as the Asserted Patents under one or more of the doctrines of prosecution history estoppel, prosecution disclaimer, vitiation, ensnarement of the prior art, and the disclosure/dedication rule.

### FIFTH AFFIRMATIVE DEFENSE: EQUITABLE DEFENSES

SRAM's claims for patent infringement are barred, in whole or in part, by equitable doctrines including, but not limited to, the doctrines of waiver, estoppel, laches, unclean hands, and acquiescence, including but not limited to by reason of statements made by SRAM, the prior art, unreasonable delay, and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the Asserted Patents.

### SIXTH AFFIRMATIVE DEFENSE: LIMITATION ON DAMAGES

SRAM's claims for damages and/or costs, if any, are barred, in whole or in part, by, at least, 35 U.S.C. §§ 286, 287, and 288. SRAM may not recover money damages for any alleged infringement committed more than six years prior to filing the Complaint as per 35 U.S.C. § 286, and, to the extent SRAM failed to comply with the notice provision of 35 U.S.C. § 287, Netlist

may not recover damages prior to filing of the Complaint. Moreover, SRAM is not entitled to seek recovery of its costs pursuant to 35 U.S.C. § 288.

### SEVENTH AFFIRMATIVE DEFENSE: DUPLICATIVE CLAIMS

Without admitting that the Complaint states a claim, any remedies SRAM has requested are limited to the extent there is an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### EIGHTH AFFIRMATIVE DEFENSE: NO WILLFUL INFRINGEMENT

PCW has not willfully infringed, and is not willfully infringing any valid and enforceable claims of the Asserted Patents. At least in light of the broad and explicit prosecution history estoppel associated with each Asserted Patent, including for example due to the patentee's clear and unmistakable disclaimer as to claim scope in order to traverse invalidating prior art, PCW does not and cannot infringe any asserted claim of the '800 or '188 patent. SRAM is therefore not entitled to seek enhanced damages or attorneys' fees for willful infringement.

### NINTH AFFIRMATIVE DEFENSE: NO INJUNCTIVE RELIEF

SRAM is not entitled to injunctive relief because any alleged injury to SRAM is not immediate or irreparable, SRAM has an adequate remedy at law, and the balance of the hardships does not warrant equitable or injunctive relief.

### TENTH AFFIRMATIVE DEFENSE: FAILURE TO MARK

SRAM, Asserted Patent Owner Metron IP Ltd., their predecessors-in-interest, and/or other licensees to the Asserted Patents failed to properly mark their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that PCW's actions allegedly infringed any claim of the Asserted Patents.  PCW is not liable to SRAM for the acts alleged to have occurred before PCW received actual notice of alleged infringement.

## ELEVENTH AFFIRMATIVE DEFENSE: PATENT MISUSE

SRAM's claims are barred by the equitable doctrine of patent misuse, including because SRAM's infringement allegations in this case are not motivated by a genuine belief that Princeton Carbon Works' innovative wheel designs actually infringe SRAM's licensor's patents. Instead, SRAM is attempting to use its patent infringement claims to undermine Princeton Carbon Works' competitive advantage in the market, including its lower cost-of-goods sold due at least in part to its direct-to-consumer business model. SRAM's attempt to use the asserted patents in this case in a bad faith effort to stifle open and fair competition in the marketplace constitutes patent misuse.

## TWELFTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

SRAM comes to this Court with unclean hands, including because it leveraged foreign administrative processes in a bad faith attempt to interfere with PCW's manufacturing in Taiwan. PCW contracted with a Taiwanese manufacturer, Carbotec Industrial Co., Ltd. ("Carbotec"), located at No.41, Kung 2nd Rd., Youth Ind. Park, Tachia Dist., Taichung 437, Taiwan, to manufacture bicycle wheels according to PCW's innovative designs. Through its agents or representatives, SRAM presented Carbotec with a purported cease and desist order in November, 2018, causing it to halt manufacture of PCW's bicycle wheels. As a result, PCW incurred lost sales and costs associated with engaging with another manufacturer on an expedited basis.

## THIRTEENTH AFFIRMATIVE DEFENSE: LACK OF STANDING

Plaintiff SRAM admits that it is neither the owner nor the inventor of the asserted patents, and therefore lacks standing to assert any of the patent claims brought in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE: EXCEPTIONAL CASE

This case is exceptional under 35 U.S.C. § 285. At least in light of the broad and explicit prosecution history estoppel associated with each Asserted Patent, PCW does not and cannot infringe

any asserted claim of the '800 or '188 patent, and PCW is entitled to an award of their attorneys' fees incurred in connection with defending and prosecuting this action.

## ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

PCW reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case. PCW reserves the right to amend its answer to assert any other defenses as they become known or available.

## COUNTERCLAIM

For its Counterclaim against Plaintiff SRAM, LLC ("SRAM"), Defendant-Counterclaimant Princeton Carbon Works Inc. ("PCW") alleges as follows:

## PARTIES

1. Defendant PCW is a Florida corporation with a principal place of business located at 8 Summit Street, Mystic, Connecticut 06365. PCW designs, manufactures, and sells innovative, high-performance bicycle wheels.

2. Plaintiff SRAM is a Delaware limited liability company with a principal place of business located at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

## JURISDICTION AND VENUE

3. This Court has jurisdiction and venue[2] over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 1391, 1400(b), 1651, 2201, and 2202.

4. PCW seeks, inter alia, declaratory relief pursuant to 28 U.S.C. §§ 2201 through 2202 and Rule 57 of the Federal Rules of Civil Procedure.

---

[2] PCW contests that venue is proper in this District. Nothing in this Counterclaim is intended, nor should it be understood, to be acquiescence to venue in this District.

5.      By filing this action, SRAM has submitted to this Court's exercise of personal jurisdiction.

6.      By filing this action, SRAM admits that it believes venue is proper in this District.

## FACTUAL BACKGROUND

### Princeton Carbon Works

7.      Princeton Carbon Works was formed in 2015, and is dedicated to making innovative, high-performance bicycle wheels.  Since its formation, Princeton Carbon Works has remained singularly focused on engineering innovative bicycle wheels that are lighter, faster, and stronger than wheels made by any of its competitors.

8.      Princeton Carbon Works' many design improvements include optimizing the layup and mechanical design of its wheels such that excess material can be removed where it is not needed.  This results in its wheels having a medium-deep section rim that is lighter than many other wheels.

9.      In addition, Princeton Carbon Works thoroughly tests the aerodynamic characteristics of its wheels to ensure they perform optimally.  Princeton Carbon Works utilizes this extensive testing to continuously optimize the design of its wheels in order to ensure their highest performance.

10.      Princeton Carbon Works designs its wheels such that the nipple placement of its rims places them in tension as opposed to compression.  This results in the stress levels in Princeton Carbon Works wheels remaining more uniform across the entire rim body, creating a stiff, responsive, and strong wheel.

11.      Based on its innovative design process and the resulting quality and high performance of its unique carbon bicycle wheels, numerous professional cyclists and cycling teams have chosen to use Princeton Carbon Works wheels in major tour cycling events.

**Plaintiff SRAM and the Patent Owner**

12.     SRAM purports to be the exclusive licensee of U.S. Patent No. 9,610,800 ("the '800 patent") and 10,611,188 ("the '188 patent).

13.     SRAM did not invent the '800 patent or the '188 patent.

14.     SRAM does not own the '800 patent or the '188 patent.

15.     Dimitrios Katsanis is the named inventor of the '800 patent and the '188 patent.

16.     Dimitrios Katsanis assigned the '800 patent and the '188 patent to Metron IP LTD ("Metron").

17.     Metron owns the '800 patent and the '188 patent.

18.     Metron was incorporated as a private limited company by the Registrar of Companies for England and Wales on June 22, 2016.

19.     The nature of Metron's business is leasing intellectual property.

20.     Metron does not design, make, market, or sell any bicycle components, including bicycle wheels.

21.     Dimitrios Katsanis is the sole company director of Metron.

### COUNT I
### (Declaratory Judgment of Non-Infringement of the '800 Patent)

22.     PCW incorporates by reference paragraphs 1 through 21 above as through fully stated herein.

23.     SRAM claims to be the exclusive licensee of the '800 Patent.

24.     SRAM has accused PCW of infringement of the '800 Patent and has created a substantial, immediate, and real controversy between the parties as to the infringement of the '800 Patent.

25.     SRAM's infringement allegations are insufficient, indecipherable, and fail to put PCW on notice as to how SRAM alleges PCW infringes claim 1 of the '800 patent.

26.     To the extent PCW understands SRAM's apparent interpretation of asserted claim 1 of the '800 patent, PCW Wheels do not include, at least, by way of example but without limitation, the "wherein the rim has a radially inner edge, and wherein at least part of the radially inner edge has an undulating configuration and a radial distance that continuously varies between adjacent peaks and troughs of the undulating configuration, each peak of the undulating configuration having a convex exterior profile in a plane of the wheel" limitations of claim 1 of the '800 patent.

27.     PCW, including the including the Wake 6560 wheel, the Grit 4540 wheel, and any other PCW bicycle wheel product, has not infringed, and currently does not infringe any valid claim of the '800 Patent directly, indirectly, contributorily, by inducement, or in any other manner.

28.     SRAM is entitled to no relief for any claim of alleged infringement of the '800 Patent.

## <u>COUNT II</u>
### <u>(Declaratory Judgment of Non-Infringement of the '188 Patent)</u>

29.     PCW incorporates by reference paragraphs 1 through 21 above as through fully stated herein.

30.     SRAM claims to be the exclusive licensee of the '188 Patent.

31.     SRAM has accused PCW of infringement of the '188 Patent and has created a substantial, immediate, and real controversy between the parties as to the infringement of the '800 Patent.

32.     SRAM's infringement allegations are insufficient, indecipherable, and fail to put PCW on notice as to how SRAM alleges PCW infringes claim 1 of the '188 patent.

33.     To the extent PCW understands SRAM's apparent interpretation of asserted claim 1 of the '188 patent, PCW Wheels do not include, at least, by way of example but without limitation, the "wherein at least part of a radially inner edge of the rim has an undulating curve configuration, the undulating curve configuration having peaks and troughs, and wherein the radially inner edge has convex profiles in convex regions of the rim, the convex regions including the peaks" limitations of claim 1 of the '188 patent.

34.     PCW, including the including the Wake 6560 wheel, the Grit 4540 wheel, and any other PCW bicycle wheel product, has not infringed, and currently does not infringe any valid claim of the '188 Patent directly, indirectly, contributorily, by inducement, or in any other manner.

35.     SRAM is entitled to no relief for any claim of alleged infringement of the '188 Patent.

**COUNT III**
**(Declaratory Judgment of Invalidity of the'800 Patent)**

36.     PCW incorporates by reference paragraphs 1 through 21 above as though fully stated herein.

37.     SRAM filed a Complaint against PCW alleging that PCW has infringed claim 1 of the '800 Patent.

38.     In its Complaint, SRAM contends that the asserted claim of the '800 Patent is valid.

39.     As a result of SRAM's Complaint and allegations, PCW has a reasonable apprehension that SRAM will continue to assert claim 1 of the '800 Patent against PCW.

40.     Accordingly, SRAM has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '800 Patent.

41.     Each asserted claim of the '800 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

42.     For example, numerous prior art references, alone or in combination, render at least asserted claim 1 of the '800 patent invalid under 35 U.S.C. §§ 102 and 103.  A non-exhaustive list of prior art references that invalidate asserted claim 1 of the '800 patent under 35 U.S.C. §§ 102 and/or 103 includes, but is not limited to, the following prior art: U.S Patent No. 6,425,641; U.S. Pat. App. 10/836,009; U.S. Pat. App. 10/626,731; and U.S. Patent No. 6,196,638.[3]

43.     To the extent PCW understands SRAM's apparent interpretation of asserted claim 1 of the '800 patent, at least, by way of example but without limitation, the "wherein the rim has a radially inner edge, and wherein at least part of the radially inner edge has an undulating configuration and a radial distance that continuously varies between adjacent peaks and troughs of the undulating configuration, each peak of the undulating configuration having a convex exterior profile in a plane of the wheel" limitations of claim 1 of the '800 patent lacks written description, is not enabled, and is indefinite.

44.     SRAM is entitled to no relief for any claim related to the invalidity of the asserted claims of the '800 Patent.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '188 Patent)

45.     PCW incorporates by reference paragraphs 1 through 21 above as though fully stated herein.

---

[3] This list of prior art is non-exhaustive and non-limiting.  PCW expressly reserves the right to rely on additional prior art in support of its invalidity counterclaim related to the '800 patent.

46.     SRAM filed a Complaint against PCW alleging that PCW has infringed claim 1 of the '188 Patent.

47.     In its Complaint, SRAM contends that the asserted claim of the '188 Patent is valid.

48.     As a result of SRAM's Complaint and allegations, PCW has a reasonable apprehension that SRAM will continue to assert claim 1 of the '188 Patent against PCW.

49.     Accordingly, SRAM has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '188 Patent.

50.     Each asserted claim of the '188 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

51.     For example, numerous prior art references, alone or in combination, render at least asserted claim 1 of the '188 patent invalid under 35 U.S.C. §§ 102 and 103.  A non-exhaustive list of prior art references that invalidate asserted claim 1 of the '188 patent under 35 U.S.C. §§ 102 and/or 103 includes, but is not limited to, the following prior art: U.S Patent No. 6,425,641; U.S. Pat. App. 10/836,009; U.S. Pat. App. 10/626,731; and U.S. Patent No. 6,196,638.[4]

52.     To the extent PCW understands SRAM's apparent interpretation of asserted claim 1 of the '188 patent, at least, by way of example but without limitation, the "wherein at least part of a radially inner edge of the rim has an undulating curve configuration, the undulating curve configuration having peaks and troughs, and wherein the radially inner edge has convex profiles in convex regions of the rim, the convex regions including the peaks" limitation of claim 1 of the '188 patent lacks written description, is not enabled, and is indefinite.

---

[4] This list of prior art is non-exhaustive and non-limiting.  PCW expressly reserves the right to rely on additional prior art in support of its invalidity counterclaim related to the '800 patent.

53.     SRAM is entitled to no relief for any claim related to the invalidity of the asserted claims of the '181 Patent.

## PRAYER FOR RELIEF

WHEREFORE, PCW prays for relief as follows:

A.      That the Court deny all relief to SRAM requested in its Complaint;

B.      A declaration that PCW is not infringing, and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '800 and '188 Patents, either literally, or by application of the doctrine of equivalents;

C.      A declaration that the '800 and '188 Patents are invalid and unenforceable;

D.      A finding that this is an exceptional case and award to PCW its reasonable attorneys' fees, expenses, and costs under 35 U.S.C. § 285; and

E.      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(d), Princeton Carbon Works Inc. demands a jury trial on all issues triable by a jury.

Dated: April 30, 2021                    Respectfully submitted,


                                         */s/ David S. Brafman*
                                         David S. Brafman (Florida Bar No. 68289)
                                         Email: david.brafman@akerman.com
                                         AKERMAN LLP
                                         777 South Flagler Drive
                                         Suite 1100, West Tower
                                         West Palm Beach, FL 33401
                                         Tel: (561) 653-5000

                                         *Of Counsel*

                                         James M. Wodarski (admitted *pro hac vice*)
                                         Andre H. DeVoogd (admitted *pro hac vice*)
                                         Matthew S. Galica (admitted *pro hac vice*)
                                         MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                         AND POPEO PC
                                         Boston, MA 02111
                                         Tel: (617) 542-6000
                                         Facsimile: (617) 542-2241
                                         JWodarski@mintz.com
                                         AHDeVoogd@mintz.com
                                         MSGalica@mintz.com

                                         *Counsel for Defendant Princeton Carbon Works
                                         Inc.*