# E UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| SRAM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 9:21-cv-80581 RKA |
| | ) |
| PRINCETON CARBON WORKS INC., | ) |
| | ) |
| Defendant. | ) |

## SRAM, LLC'S ANSWER TO PRINCETON CARBON WORKS INC.'S COUNTERCLAIM

COMES NOW Counterclaim Defendant SRAM, LLC ("SRAM") and for its Answer to Counterclaim Plaintiff Princeton Carbon Works Inc.'s ("PCW") Counterclaim [Docket No. 16], states as follows:

## PARTIES

1. SRAM admits that PCW is a Florida corporation and designs and sells bicycle wheels. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Counterclaim, and therefore denies the same.

2. SRAM admits the allegations of Paragraph 2 of the Counterclaim.

## JURISDICTION AND VENUE

3. SRAM admits that this Court has jurisdiction and venue over the Counterclaim alleged by PCW under 28 U.S.C. §§ 1331, 1338(a), 1367, 1391, 1400(b), 2201 and 2202, but denies that PCW has any claim under the Patent Laws. SRAM otherwise denies the remaining allegations of Paragraph 3 of the Counterclaim.

4. SRAM admits that PCW alleges it is seeking declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, but denies that PCW has any claim

under the Patent Laws or federal law. SRAM otherwise denies any remaining allegations of Paragraph 4 of the Counterclaim.

5. SRAM admits that it has submitted to this Court's exercise of personal jurisdiction for purposes of this lawsuit. SRAM otherwise denies any remaining allegations of Paragraph 5 of the Counterclaim.

6. SRAM admits that venue is proper in this District for its claims against PCW. SRAM otherwise denies any remaining allegations of Paragraph 6 of the Counterclaim.

## FACTUAL BACKGROUND

### Princeton Carbon Works

7. SRAM admits that PCW makes claims similar to the allegations in paragraph 7, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Counterclaim, and therefore denies the same.

8. SRAM admits that PCW makes claims similar to the allegations in paragraph 8, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Counterclaim, and therefore denies the same.

9. SRAM admits that PCW makes claims similar to the allegations in paragraph 9, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Counterclaim, and therefore denies the same.

10. SRAM admits that PCW makes claims similar to the allegations in paragraph 10, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Counterclaim, and therefore denies the same.

11. SRAM admits that PCW makes claims similar to the allegations in paragraph 11, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaim, and therefore denies the same.

### Plaintiff SRAM and the Patent Owner

12. SRAM admits that it is the exclusive licensee of U.S. Patent No. 9,610,800 ("the '800 patent") and 10,611,188 ("the '188 patent"). SRAM otherwise denies any remaining allegations of Paragraph 12 of the Counterclaim.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Upon information and belief, admitted.

19. SRAM admits that part of the nature of Metron's business is licensing intellectual property, but denies that this is the whole of Metron's business. Metron serves as a holding company for intellectual property for Metron Advanced Equipment Limited ("Metron A.E."), which designs advanced bicycle components, including bicycle wheels, among other things.

20. SRAM states that Metron does work related to bicycle components, including bicycle wheels, and further states that Metron serves as a holding company for intellectual property for Metron A.E., which itself designs bicycle components, including bicycle wheels, among other things. SRAM otherwise denies any remaining allegations of Paragraph 20 of the Counterclaim.

21. Upon information and belief, admitted.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '800 Patent)

22. SRAM re-alleges and reincorporates its answers to Paragraphs 1-21 of the Counterclaim as if fully set forth herein.

23. SRAM admits that it is the exclusive licensee of the '800 Patent. SRAM otherwise denies any remaining allegations of Paragraph 23 of the Counterclaim.

24. SRAM admits that PCW has infringed and continues to infringe the '800 Patent and has filed this lawsuit regarding PCW's infringement. SRAM further admits that PCW has now denied infringement of the '800 Patent, thereby creating a substantial, immediate, and real controversy between the parties regarding infringement of the '800 Patent. SRAM otherwise denies any remaining allegations of Paragraph 24 of the Counterclaim.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '188 Patent)

29. SRAM re-alleges and reincorporates its answers to Paragraphs 1-21 of the Counterclaim as if fully set forth herein.

30. SRAM admits that it is the exclusive licensee of the '188 Patent. SRAM otherwise denies any remaining allegations of Paragraph 30 of the Counterclaim.

31. SRAM admits that PCW has infringed and continues to infringe the '188 Patent and has filed this lawsuit regarding PCW's infringement. SRAM further admits that PCW has now denied infringement of the '800 Patent, thereby creating a substantial, immediate, and real

controversy between the parties regarding infringement of the '800 Patent.  SRAM otherwise denies any remaining allegations of Paragraph 31 of the Counterclaim.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III
## (Declaratory Judgment of Invalidity of the '800 Patent)

36. SRAM re-alleges and reincorporates its answers to Paragraphs 1-21 of the Counterclaim as if fully set forth herein.

37. Admitted.

38. SRAM admits that the asserted claims of the '800 Patent are valid, as reflected in its Complaint.  SRAM otherwise denies any remaining allegations of Paragraph 38 of the Counterclaim.

39. SRAM admits that it will continue to assert the claims of the '800 Patent against PCW.  SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Counterclaim, and therefore denies the same.

40. SRAM admits that PCW has now denied the validity of the claims of the '800 Patent, thereby creating a substantial, immediate, and real controversy between the parties regarding the validity of the '800 Patent.  SRAM otherwise denies any remaining allegations of Paragraph 40 of the Counterclaim.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '188 Patent)

45. SRAM re-alleges and reincorporates its answers to Paragraphs 1-21 of the Counterclaim as if fully set forth herein.

46. Admitted.

47. SRAM admits that the asserted claims of the '188 Patent are valid, as reflected in its Complaint. SRAM otherwise denies any remaining allegations of Paragraph 47 of the Counterclaim.

48. SRAM admits that it will continue to assert the claims of the '188 Patent against PCW. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Counterclaim, and therefore denies the same.

49. SRAM admits that PCW has now denied the validity of the claims of the '188 Patent, thereby creating a substantial, immediate, and real controversy between the parties regarding the validity of the '188 Patent. SRAM otherwise denies any remaining allegations of Paragraph 49 of the Counterclaim.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## PRAYER FOR RELIEF

54. As to the allegations in the Prayer for Relief of the Counterclaim, SRAM denies that PCW is entitled to any of the requested relief including any monetary relief, and denies any allegations set forth in Paragraph A through E of the Prayer for Relief.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

SRAM asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be on PCW.  SRAM reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against SRAM upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of U.S. Patent No. 9,610,800 are valid and enforceable.

## THIRD AFFIRMATIVE DEFENSE

PCW has infringed and continues to infringe valid and enforceable claims of U.S. Patent No. 9,610,800.

## FOURTH AFFIRMATIVE DEFENSE

The claims of U.S. Patent No. 10,611,188 are valid and enforceable.

## FIFTH AFFIRMATIVE DEFENSE

PCW has infringed and continues to infringe valid and enforceable claims of U.S. Patent No. 10,611,188.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  May 21, 2021                    Respectfully submitted,

*/s/ Eric C. Christu*
Eric C. Christu, Esq.
Florida Bar No. 434647
Email Address:  echristu@shutts.com
Secondary Email:  aarce@shutts.com
Secondary Email:  lmcnesby@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

*/s/ Richard B. Walsh, Jr.*
Richard B. Walsh, Jr., Esq.*
Email Address:  rwalsh@lewisrice.com
Michael J. Hickey, Esq.*
Email Address:  mhickey@lewisrice.com
**LEWIS RICE LLC**
600 Washington Ave., Suite 2500
St. Louis, Missouri, 63101
Telephone: (314) 444-7600
*\* admitted Pro Hac Vice*

*Attorneys for Plaintiff SRAM, LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 21, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and parties identified on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

              By: /s/ *Eric C. Christu*
                 COUNSEL

David S. Brafman, Esq.
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Email: david.brafman@akerman.com
*Attorneys for Defendant Princeton Carbon Works Inc.*


James M. Wodarski, Esq.*
Andre H. DeVoogd, Esq.*
Matthew S. Galica, Esq.*
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center, Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Email: JWodarski@mintz.com
Email: AHDeVoogd@mintz.com
Email: MSGalica@mintz.com
*\* admitted Pro Hac Vice*
*Attorneys for Defendant Princeton Carbon Works Inc.*