**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| SRAM, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PRINCETON CARBON WORKS INC.,<br><br>      Defendant. | Case No. 9:21-cv-80581 RKA<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Defendant Princeton Carbon Works Inc. ("PCW") respectfully submits this memorandum of law in support of its request to transfer this action to the United States District Court for the District of Connecticut, a far more convenient venue for the parties and witnesses in accordance with 28 U.S.C. § 1404(a). This case should be transferred to the District of Connecticut for at least two principal reasons. First, the "center of gravity" of this case—namely, where the accused products are designed, developed, assembled and sold—is in Connecticut, not Florida. Second, the material operative facts underlying this cause of action occurred in Connecticut. None occurred in Florida. PCW's corporate headquarters, its principal place of business, and where it maintains all its documents and records related to the accused products' design, assembly, and sale, is located in Connecticut. Lastly, PCW's Chief Executive Officer, a key witness, resides in Connecticut. To Defendant's knowledge, Plaintiff SRAM, LLC ("SRAM") has neither a physical presence nor employees in Florida.

These and other relevant factors compel transfer of this action to Connecticut.

**I.      BACKGROUND**

PCW is an innovative, high-performance bicycle wheel company formed in 2015 by a small group of Princeton University graduates and competitive athletes. *See* **Exhibit A**, Declaration of Harrison J. Macris ("Macris Decl.") at ¶ 3. PCW is focused on engineering bicycle wheels that are lighter, faster, and stronger than wheels made by its competitors. *See id.* at ¶ 4.

Although PCW is incorporated in Florida, it conducts no meaningful business activities within the state. *See id.* at ¶ 5. Rather, PCW designs, assembles, distributes, and sells its products from Connecticut, which is where its Chief Executive Officer works and resides, where its principal place of business is located, and where all of its relevant corporate records are maintained. *See id.* at ¶¶ 6, 9, 10, 12. PCW also employs four employees, all of whom work out of PCW's Connecticut headquarters. *See id.* at ¶ 8.

Over 30 years ago, Plaintiff SRAM, LLC maneuvered its way into the cycling component market by suing Shimano, the largest worldwide bicycle component supplier, which resulted in an out of court settlement. *See* **Exhibit B**, Declaration of Matthew S. Galica ("Galica Decl.") at ¶ 4. From there, SRAM grew through a series of acquisitions. *See id.* at ¶ 5. SRAM is headquartered in Chicago, Illinois. SRAM also has corporate locations in four other states, California, Colorado, Indiana, and South Dakota; and eight foreign countries, Australia, China, France, Germany, Ireland, Netherlands, Portugal, and Taiwan. *See id.* at ¶ 11. As of 2018, SRAM had 3,500 employees worldwide. *See id.* at ¶ 6. In 2019, analysts rated SRAM as the largest U.S.-based high-end bicycle component supplier, with an estimated 20% share of that $4 billion global market. *See id.* at ¶ 5. As far as PCW can tell, SRAM has no material presence in Florida.

In this lawsuit, SRAM alleges infringement of two patents it does not own—but to which it purports to be the exclusive licensee. Other than (1) PCW's incorporation in Florida and (2) a handful of pleasure rides using an early prototype of the Wake 6560 wheel by PCW's CFO while on one vacation in Florida years ago, *see* Macris Decl. at ¶¶ 13–14, there is no substantive, let alone material, connection between this judicial District and this dispute. In fact, this action arises entirely from PCW's activities within the District of Connecticut—not this judicial District.

## II.     ARGUMENT

### A.     All Relevant Factors Weigh in Favor of Transferring This Case to the District of Connecticut

Title 28, Section 1404(a) allows a district court to "transfer any civil action to any other district." 28 U.S.C. § 1404(a). Motions to transfer venue under this statute require that courts apply a two-part test. First, the Court must determine whether the action "might have been brought" in the district to which transfer is requested, which requires that venue is proper in the transferee court. *Id.* Second, the Court must determine whether the action should be transferred "[f]or the convenience of parties and witnesses." *Id.* In the Eleventh Circuit, the party seeking transfer of venue, bears the burden of "establish[ing] that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).

The facts of this case compel transfer to the District of Connecticut.

#### 1.     This case could have been brought in the proposed transferee court, the District of Connecticut

PCW does not contend that this District is an improper forum under 28 U.S.C. § 1400(b), but rather that it is an inconvenient one. The District of Connecticut, a far more convenient forum for reasons addressed below, is also a proper forum under § 1400(b), where a forum is proper if the defendant (1) resides in that district, or (2) has a regular, established place of

business in that district and "acts of infringement" have occurred in that same district. 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017). The District of Connecticut easily satisfies at least the second part of this test.

Specifically, PCW has a regular, established place of business in Connecticut, meaning that (1) it has a physical place in the district, (2) this physical place is its regular, established place of business, and (3) this physical place is "the place of" PCW. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). First, PCW's headquarters—a fixed, physical location—is located at 8 Summit Street, Mystic, Connecticut. *See* Macris Decl. at ¶ 6. Second, PCW's headquarters in Connecticut is its principal place of business and the location where it performs all of its relevant business activities. *See id.* Third, PCW's Mystic, Connecticut location is "the place of" PCW because PCW leases the building that both serves as its corporate headquarters and where it performs its business activities. *See id.* at ¶¶ 6–7.

As to the "acts of infringement" element, courts in the Eleventh Circuit and elsewhere have consistently held that a mere allegation of infringement satisfies this requirement. *See, e.g., Patent Holder LLC v. Lone Wolf Distribs., Inc.*, Civil Action No. 17-23060-Civ-Scola, 2017 U.S. Dist. LEXIS 180699, at *14 (S.D. Fla. Nov. 1, 2017) (alteration in original) ("Although [§ 1400(b)] uses the phrase 'act of infringement,' courts have 'consistently held that an allegation of infringement is itself sufficient to establish venue.'"). In its Complaint, SRAM did not make a specific allegation of infringement by PCW within the District of Connecticut, but did contend that PCW's sales of the accused wheels within the United States is the basis for its infringement allegations. PWC denies all such infringement allegations, but admits that it has designed, assembled, and sold the accused wheels within the District of Connecticut. That is enough.

6

Accordingly, this case could have been brought in the District of Connecticut, and, for the reasons that follow, it should have been brought in that district instead of before this Court.

### 2. The Court should transfer this case to the District of Connecticut because it is a far more convenient forum

The Eleventh Circuit analyzes transfer of venue decisions under § 1404(a) using a nine-part test that balances certain public and private factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Courts in this district also look to the center of gravity—where an accused product was designed and developed—when deciding on the more convenient forum because a "district court ought to be as close as possible to the [location] of the infringing device and the hub of activity centered around its production." *EcoServices, LLC v. Certified Aviation Servs., LLC*, Case No. 16-cv-21454-GAYLES, 2016 U.S. Dist. LEXIS 111527, at *5–6 (S.D. Fla. Aug. 22, 2016); *see also Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (same). The center of gravity in this case is unquestionably the District of Connecticut, because PCW designs, assembles, and sells the accused products from its Connecticut headquarters—not Florida. The totality of circumstances here weigh heavily in favor of transferring this action to Connecticut.

Taking each of the public and private factors in turn, the analysis demonstrates that the District of Connecticut is a far more convenient forum than the Southern District of Florida.

> i. *The District of Connecticut is the more convenient forum for the witnesses*

This factor alone justifies transfer, because "[t]he convenience of witnesses is probably the single most important factor in transfer analysis." *EcoServices*, 2016 U.S. Dist. LEXIS 111527, at *8; *see New Life Ventures, Inc. v. Locke Lorde LLP*, Case No. 18-24551-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 89182, at * 9 (S.D. Fla. Apr. 24, 2019) (noting that, aside from a plaintiff's choice of forum, courts in this district consider witness convenience to be the most important factor under the § 1404(a) analysis). The most relevant witnesses in this case reside in or near Connecticut, whereas no witness resides in Florida. *See* Macris Decl. at ¶¶ 9–11.

Specifically, PCW's Chief Executive Officer resides in Connecticut. *See id.* at ¶ 10. The company's Chief Financial Officer resides in New Jersey. *See id.* at ¶ 11. Both are key witnesses with, for example, extensive and material knowledge about the design and development of the accused wheels, the financial and sales data relating to the accused wheels, the marketing of those products, and prior discussions with Plaintiff SRAM. *See id.* at ¶¶ 9–11.

In contrast, SRAM has identified no relevant witnesses in Florida, and PCW is aware of none. Importantly, transferring this case to Connecticut would not shift the inconvenience from one party to the other, because SRAM is a Delaware corporation with its principle place of business in Illinois—not Florida. SRAM also has locations in California, Colorado, Indiana, and South Dakota—not Florida. *See* Galica Decl. at ¶ 11. Its likely witnesses will thus be required to travel regardless of where the case is heard and, in any event, flights from Chicago to Connecticut are shorter than from Chicago to Fort Lauderdale. *See id.* at ¶¶ 8, 11. Moreover, PCW understands that the inventor and actual owner of the asserted patents is based in the United Kingdom. *See id.* at ¶ 7. Flights from London to Connecticut are shorter than to Fort

8

Lauderdale, with both trips exceeding 6 hours. *See id.* at ¶ 9. But, the Court "should not give any significant weight to 'the inconvenience of . . . European witnesses'" because they would be "'required to travel a significant distance no matter where they testify.'" *EcoServices*, 2016 U.S. Dist. LEXIS 111527, at *9 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)).

This factor strongly favors transfer. Litigating this case in Florida would force key witnesses—namely, PCW's executive team—to travel great distances from Connecticut and New Jersey to Florida. *See* Galica Decl. at ¶¶ 3, 8, 10. By contrast, SRAM's potential witnesses will be required to travel a significant distance regardless of which Court oversees this case. *See id.* at ¶¶ 8, 11.

> ii. *All relevant documents and physical evidence are located in the District of Connecticut*

This factor also strongly supports transfer to Connecticut, at least because, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *EcoServices*, 2016 U.S. Dist. LEXIS 111527, at *9 (quoting *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009)). All of PCW's documents and records relating to the accused products' design, assembly, manufacture, distribution, and sale are located in Connecticut. *See* Macris Decl. at ¶¶ 5–6, 12. As a result, Connecticut is a far more convenient location for the Parties to access documents. Further, PCW does not maintain or store any documents in Florida. *See id.* at ¶ 5. It is true that the advent of digital documents and their electronic storage and transfer has lessened the importance of this factor. *EcoServices*, 2016 U.S. Dist. LEXIS 111527, at *9. But this case may involve physical files—none of which are in Florida—and inspection of the accused products. As for inspection of the accused bicycle wheels, it will be far more convenient for the parties to arrange for this to occur at PCW's headquarters in the District of Connecticut

9

than in this district, where neither party has a physical presence. Thus, this factor also favors transfer.

### iii. The District of Connecticut is an equally convenient forum for SRAM, and is far more convenient for PCW

This factor favors transfer of this case to Connecticut because Florida is not SRAM's home forum. In fact, to PCW's knowledge, SRAM has no physical presence in Florida. There are also no witnesses and no relevant evidence present in Florida. As noted, SRAM will be required to engage in cross-country travel regardless of whether this action proceeds in Florida (1,038 miles from Chicago), or proceeds in Connecticut (697 miles from Chicago). *See* Galica Decl. at ¶ 8. By contrast, PCW's corporate headquarters are in Connecticut, and its CEO resides in that district. *See* Macris Decl. at ¶¶ 6, 10. All relevant activity pertaining to the accused wheels is located in Connecticut. As is all relevant evidence and documents. In other words, PCW would be unnecessarily burdened if its key witnesses, including its executive team, were required to travel to Florida. Therefore, this factor favors transfer.

### iv. The locus of operative facts is in Connecticut, not Florida

"Several district courts have held that the 'center of gravity' for a patent infringement case is where the accused product was designed and developed." *Motorola*, 804 F. Supp. 2d at 1276 (quoting *Trace-Wilco, Inc. v. Symantec Corp.*, CASE NO. 08-80877-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 13646, at *6 (S.D. Fla. Feb. 23, 2009)). And, "[c]ourts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district." *Stokes v. Markel Am. Ins. Co.*, Case No. 19-20404-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 108685, at *10 (S.D. Fla. June 28, 2019) (quoting *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1165–66 (S.D. Fla. 2017)). This factor strongly supports transferring this case to the District of Connecticut because the accused

products were designed and developed there. Likewise, the key witnesses in this case do not reside in Florida. Nor does any relevant evidence exist in Florida. Instead, all the relevant documents and evidence are in Connecticut, not Florida. PCW's CEO, a key witness, also resides in Connecticut.[1] Because "[t]he locus of operative facts is a primary factor in determining whether to transfer venue," this factor strongly supports transfer. *Id.* (quoting *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 19 (S.D.N.Y. 2012)).

> v. *Florida cannot compel unwilling witnesses in this case to testify*

"The Court cannot compel any unwilling witness residing outside of Florida to testify." *Stokes*, 2019 U.S. Dist. LEXIS 108685, at *11; *see also* Fed. R. Civ. P. 45(c)(1). PCW has identified likely key witnesses, all of whom reside outside of Florida and are beyond the reach of Florida's subpoena power. Conversely, SRAM has identified no witnesses that reside in Florida. Thus, this factor favors transfer.

> vi. *SRAM is a multinational company, whereas PCW is an emerging startup*

"A clear financial discrepancy between the parties is often an important factor in determining proper venue." *Stokes*, 2019 U.S. Dist. LEXIS 108685, at *11. Here, the gulf between the parties' respective means is stark, and underscores why litigating this case in Connecticut is far more convenient than Florida. PCW is a small, relatively new upstart in the $4 billion global bicycle components market. By contrast, SRAM is the largest U.S.-based supplier in this same market, enjoying an estimated 20% share of the global market in the relevant industry. SRAM's website also indicates that it has facilities in five states and eight foreign countries, including Australia, China, France, Germany, Ireland, Netherlands, Portugal, and

---

[1] While PCW's CFO used an early prototype of the accused Wake 6560 wheel for pleasure rides in Florida over a three week period in the winter of 2015-2016, any and all evidence or information relating to those rides is elsewhere.

11

Taiwan. Whether this case is litigated in Florida or Connecticut is effectively irrelevant to SRAM, whereas forcing PCW to travel to Florida—at great disruption to its comparatively small business—would impose an outsized and unfair burden on PCW.

Therefore, this factor also strongly favors transfer.

> *vii.  The District of Connecticut is equally familiar with the governing law in this case*

This factor is neutral, as "[a]ll federal courts are presumed to be equally familiar with patent law." *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1229 (S.D. Fla. 2016).

> *viii.  SRAM's choice of forum is not entitled to any deference*

This factor supports transfer, notwithstanding the general presumption that a plaintiff's choice of forum should be given some measure of deference. To start, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required." *Stokes*, 2019 U.S. Dist. LEXIS 108685, at *13–14. Such is the case here. Moreover, even less than the already-minimal deference should be given in this case. That is because "the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, [and thus] the choice of forum is entitled to 'less consideration.'" *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1276 (S.D. Fla. 2014) (citing *Trace–Wilco*, 2009 U.S. Dist. LEXIS 13646, at *5).

The center of gravity in this case is the District of Connecticut. That is where PCW's corporate headquarters is located, where its CEO resides, where the accused products are designed, developed, assembled and sold, and where evidence relevant to this case is located. Florida is not SRAM's home forum, and PCW is not aware of any evidence or witnesses in

12

Florida that SRAM might be able to identify. Thus, SRAM's choice of forum deserves no deference and this factor also favors transfer.

       *ix.*  *Trial efficiency and the interests of justice*

The final factor in the § 1404(a) analysis also favors transfer because "[c]itizens in the Southern District of Florida have little interest in disputes between foreign businesses and normally should not be burdened by the litigation." *EcoServices*, 2016 U.S. Dist. LEXIS 111527, at *10–11 (alteration in original) (quoting *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1192 (S.D. Fla. 2007)). The District of Connecticut has a far greater local interest in resolving this controversy, given PCW's activities in, and strong connection to, that district. By contrast, PCW's only connection to Florida is that it once filed papers with the Florida Secretary of State to incorporate in this jurisdiction and its CFO used an early prototype of the accused Wake 6560 wheels for pleasure rides in Florida over a three week period in the winter of 2015–2016. *See* Macris Decl. at ¶¶ 13–14. PCW is unaware of any connection SRAM has to Florida. All relevant activities occurred elsewhere, and the vast majority of all relevant information is located in the proposed transferee forum.

Given that the key witnesses reside in or near Connecticut and the center of gravity is located in Connecticut, along with all the relevant documents and physical evidence, this factor also favors transfer.

## CONCLUSION

**WHEREFORE,** PCW respectfully requests that the Court enter an order transferring this action to the United States District Court for the District of Connecticut.

Dated: May 21, 2021

Respectfully submitted,

*/s/ David S. Brafman*
David S. Brafman (Florida Bar No. 68289)
Email: david.brafman@akerman.com
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Of Counsel*

James M. Wodarski (admitted *pro hac vice*)
Andre H. DeVoogd (admitted *pro hac vice*)
Matthew S. Galica (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, PC
Boston, MA 02111
Tel: (617) 542-6000
Facsimile: (617) 542-2241
JWodarski@mintz.com
AHDeVoogd@mintz.com
MSGalica@mintz.com

*Counsel for Defendant Princeton Carbon Works Inc.*

**CERTIFICATE OF SERVICE**

On May 21, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

Dated: May 21, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ David S. Brafman*
　　　　　　　　　　　　　　　　　　　David S. Brafman (Florida Bar No. 68289)
　　　　　　　　　　　　　　　　　　　Email: david.brafman@akerman.com
　　　　　　　　　　　　　　　　　　　AKERMAN LLP
　　　　　　　　　　　　　　　　　　　777 South Flagler Drive
　　　　　　　　　　　　　　　　　　　Suite 1100, West Tower
　　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401
　　　　　　　　　　　　　　　　　　　Tel: (561) 653-5000

　　　　　　　　　　　　　　　　　　　*Of Counsel*

　　　　　　　　　　　　　　　　　　　James M. Wodarski (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Andre H. DeVoogd (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Matthew S. Galica (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
　　　　　　　　　　　　　　　　　　　Boston, MA 02111
　　　　　　　　　　　　　　　　　　　Tel: (617) 542-6000
　　　　　　　　　　　　　　　　　　　Facsimile: (617) 542-2241
　　　　　　　　　　　　　　　　　　　JWodarski@mintz.com
　　　　　　　　　　　　　　　　　　　AHDeVoogd@mintz.com
　　　　　　　　　　　　　　　　　　　MSGalica@mintz.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Princeton Carbon Works Inc.*