**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| SRAM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 9:21-cv-80581 RKA |
| | ) |
| PRINCETON CARBON WORKS INC., | ) |
| | ) |
| Defendant. | ) |

**SRAM, LLC'S MEMORANDUM IN OPPOSITION TO PRINCETON CARBON WORKS INC.'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Defendant Princeton Carbon Works Inc.'s ("PCW") Motion to Transfer Venue is premised on the demonstrably false notion that it is somehow inconvenient for PCW, a Florida corporation, to proceed with a lawsuit in this District when:

- PCW admittedly resides in Florida and this District;

- PCW was incorporated as a Florida corporation, identifying its corporate purpose "to engage in any activity or business permitted under the laws … of the State of Florida";

- PCW's only registered agent has been continuously located in this Florida District since PCW's incorporation in 2015;

- PCW has repeatedly filed annual Florida corporate reports for every year since its incorporation, identifying that its principal place of business was actually located in this Florida District at one point in time;

- PCW filed its most recent Florida corporate annual report after this lawsuit was filed and received by PCW;

- PCW has even touted one of its corporate "Milestones" as the initial testing of the accused bicycle wheels here in Florida; and

- PCW admittedly does business in this Florida District by selling bicycle wheels directly or through intermediaries here; and

- SRAM's Zipp wheels, that PCW infringing wheels target to replace, are sold throughout the state of Florida including in this District.

4850-7487-0253.11

Instead, in PCW's view, it is "far more convenient" for the parties and witnesses to litigate in the District of Connecticut, based on the location of only a single witness (and which PCW claims is its current "corporate headquarters" even though PCW is apparently not even registered to do business in Connecticut) and the purported location of its documents and records related to the accused products' design, assembly, and sale (even though PCW's own Rule 26 disclosures identify that those documents are now located in Boston, Massachusetts, with PCW's counsel). PCW's proffered reasons are wholly insufficient to set aside the plaintiff's choice of forum, especially here where PWC is registered to do business in Florida, where the state of Florida has a strong interest in adjudicating cases involving Florida corporations, and where this case can be tried far more efficiently here than in the District of Connecticut, which currently has a median time from filing to trial of a civil case of nearly 3 years.

In short, PCW cannot be heard to complain about being sued in Florida when it has intentionally assumed the benefits and advantages of its Florida incorporation for more than six years, where its only registered agent for service of process has continuously been located in this District, and where PCW has done business in this District and even tested the accused products in Florida, which it touted as a corporate "Milestone." Put simply, a party cannot credibly assert that it is unfair or unreasonable to be sued in its home state or that litigation in its state of incorporation is inconvenient. This Court should therefore deny PCW's Motion to Transfer Venue.

## I. BACKGROUND FACTS

SRAM sued PCW in this District on March 19, 2021, for willful infringement of two bicycle wheel patents exclusively licensed to SRAM based on PCW's sale of its Wake 6560 and Grit 4540 bicycle wheels here and across the United States. *See* Complaint for Patent Infringement

[Doc. No. 1], ¶¶ 19–50.  In its Answer filed on April 30, 2021, PCW admitted that "it resides in this District by virtue of its incorporation in Florida and location of its registered agent."  PCW's Answer [Doc. No. 16], ¶ 5.  PCW further admitted in its Answer that it has in fact sold and/or distributed its bicycle wheels "in this District directly or through intermediaries."  *Id.*, ¶ 6.  PCW's accused bicycle wheels are sold in competition with SRAM's Zipp bicycle wheels throughout Florida and in this District specifically.  *See* Exhibit A, Declaration of Michael J. Hickey ("Hickey Decl."), ¶ 18; Exhibit 16 thereto.  PCW additionally admitted in its Answer that it "tested a prototype of its Wake 6560 wheel in the state of Florida."  PCW's Answer [Doc. No. 16], ¶ 7.  The same day that the parties filed a Joint Scheduling Report proposing readiness for trial in early June 2022, and more than three weeks after PCW's answer, PCW filed its Motion to Transfer Venue on May 21, 2021. [Doc. No. 23].

PCW chose to incorporate as a Florida Profit Corporation in 2015 and has continued to operate under the benefits of Florida law to the present day.  *See* Hickey Decl., ¶ 3; *id.*, Exhibit 1 thereto.  In its initial Articles of Incorporation, PCW identified (a) its principal office as located in Boca Raton, Florida; (b) the purpose for which PCW is organized as "to engage in any activity or business permitted under the laws of the United States or of the State of Florida"; (c) the registered agent of PCW as located in Boca Raton, Florida; and (d) the incorporator of PCW as located in Boca Raton, Florida.  *See* Hickey Decl., ¶ 4; *id.*, Exhibit 2 thereto.  In 2016, PCW again identified both its "CURRENT PRINCIPAL PLACE OF BUSINESS" as Boca Raton, Florida and identified its registered agent as located in Boca Raton, Florida.  *See* Hickey Decl., ¶ 5; *id.*, Exhibit 3 thereto.

Each year since, PCW has consistently filed its annual corporate report with the Florida Department of State's Division of Corporations and has, every year, retained its registered agent in this District.  *See* Hickey Decl., ¶¶ 6–10; *id.*, Exhibits 4, 5, 6, 7, and 8 thereto.  Indeed, PCW's

2021 Florida annual report was filed after the March 19, 2021 Complaint in this case and PCW's admitted receipt of the lawsuit. *See* Hickey Decl., ¶ 15; *id.*, Exhibit 13 thereto (March 23, 2021 cyclingtips.com article quoting PCW's CEO Harrison Macris as stating that "We have received their complaint and it is being reviewed by our counsel[.]").

Notably, PCW does not appear to have registered its business in either Connecticut or New Jersey, where its two sole witnesses claim to reside, and despite PCW's assertions that its "corporate headquarters" are in Connecticut. *See* Hickey Decl., ¶¶ 11–12; *id.*, Exhibit 9 thereto (Connecticut Secretary of State webpage displaying status information that "No records found for Business Name Princeton Carbon" within the Connecticut Business Registry Search); *id.*, Exhibit 10 thereto (New Jersey Division of Revenue and Enterprise Services webpage displaying status information that "No Results Found" for "Princeton Carbon" within the Business Name Search).

In fact, PCW's own website does not identify any physical office or address information for the company on its home page. *See* Hickey Decl., ¶ 13; *id.*, Exhibit 11 thereto (home webpage for https://www.princetoncarbon.com).

As noted above, PCW admitted in its Answer that it "tested a prototype of its Wake 6560 wheel in the state of Florida." PCW's Answer [Doc. No. 16], ¶ 7. Harrison Macris, PCW's CEO, further acknowledged that PCW's CFO "conducted road tests of an early prototype of the Wake 6560 wheel in Florida while on vacation over three weeks in December 2015 to January 2016." Macris Decl., ¶ 13 [Doc. No. 23-2]. Although Macris then attempted to minimize these road tests as "pleasure rides on the roads of South Florida," *id.*, ¶ 14, PCW identified this Florida road testing as one of the company's significant "Milestones" in a publicly available company pitch deck. *See* Hickey Decl., ¶ 14; *id.*, Exhibit 12 thereto, at p. 10 (PCW pitch deck noting "Milestones" to include

4

"December 2015 … PCW receives prototypes 28 days after sending design files.  Wheels are unboxed and ridden in Florida, USA.").

Contrary to its statements in its May 21, 2021 Motion to Transfer that *"[a]ll relevant documents and physical evidence are located in the District of Connecticut,"* [Doc. 23-1 at 9] (emphasis in original), PCW now states in its June 1, 2021 Initial Disclosures that "Prior art and documents relating to prior art," "Technical documents relating to the Accused Products," "Documents relating to the proper construction of the asserted claims of the Asserted Patents," and "Documents relating to sales, revenue, profits and losses of the Accused Products" are all located with PCW's counsel in Boston, Massachusetts.  *See* Hickey Decl., ¶ 16; *id.*, Exhibit 14 thereto, at p. 5 (Defendant's Initial Disclosures).

Trial in this case is currently set for May 9, 2022.  *See* Order Setting Trial and Pre-Trial Schedule [Doc. No. 24].  This means a time from filing to trial of less than 14 months, at least two months better than the District's median time from filing to trial in civil cases of 16.3 months in 2020.  *See* Hickey Decl., ¶ 17; *id.*, Exhibit 15 thereto, at p. 3.  By comparison, the median time from filing to trial in civil cases in the District of Connecticut was 33.0 months for 2020 and has ranged as high as 40.1 months within the prior five years.  *See* Hickey Decl., ¶ 17; *id.*, Exhibit 15 thereto, at p. 2.

## II. ARGUMENT

### A. PCW Has Knowingly Incorporated in the State of Florida and Located Its Registered Agent in this District and Therefore Cannot Complain That Litigation in PCW's Home Forum Is Inconvenient.

This Court should summarily reject PCW's arguments here that it is inconvenient for PCW to be sued in its own home forum, where PCW is incorporated, where its registered agent has been located since PCW's incorporation in 2015, and where PCW even tested the accused products at issue in this lawsuit.  The relevant factors under 28 U.S.C. § 1404(a) do not clearly outweigh

5

SRAM's choice to sue PCW in PCW's home forum and indeed favor retaining the case here, given, among other things, the state of Florida's strong interest in adjudicating cases involving resident Florida corporations and the clear efficiency of this District's trial schedule compared to that of the proposed transferee forum in favor of only one witness in Connecticut.

The purpose of 28 U.S.C. § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). As part of that analysis, the Court generally considers (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *See* 28 U.S.C. § 1404(a). The Eleventh Circuit has expanded upon those factors to include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The movant bears the burden of showing that transfer is appropriate, *see In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), which PCW has not done, and the balance of convenience of the parties must strongly favor the movant. *See Mason v. Smithkline Beecham Clinical Lab'ys.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

> 1. *The convenience of a single party witness does not make another District significantly more convenient than this District, and this factor is thus neutral at best.*

PCW argues that "[t]his factor alone justifies transfer" on grounds that PCW's CEO resides in Connecticut and its CFO resides in New Jersey. PCW's Memo. at 8. PCW says that these "key witnesses" have "extensive and material knowledge about the design and development of the

accused wheels, the financial and sales data relating to the accused wheels, the financial and sales data relating to the accused wheels, the marketing of those products, and prior discussions with Plaintiff SRAM." *Id.* PCW confuses the issue.

This factor, which principally pertains to the convenience of non-party witnesses, can be an important consideration in determining whether a transfer should be granted. *See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). However, this factor's "significance is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party." *Id.*; *see also Mason*, 146 F. Supp. 2d at 1361-62. In other words, the weight accorded to party witnesses is limited.

Here, PCW relies on the convenience of one party witness, its CEO, a Connecticut resident. The convenience to a single witness is not significant from a proper factor analysis. As to non-party witnesses, PCW discounts the inventor and licensor of the patents at issue as European witnesses who would be required to travel a significant distance no matter the forum. Accordingly, this factor is neutral at best and certainly does not "strongly favor transfer" as contended by PCW.

> 2. *Documents and physical evidence can just as easily be reviewed and produced for inspection in this District as in the District of Connecticut, thereby making this factor neutral.*

PCW also contends that this factor "strongly supports transfer to Connecticut" by representing that "[a]ll of PCW's documents and records relating to the accused products' design, assembly, manufacture, distribution, and sale are located in Connecticut." PCW's Memo. [Doc. 23-2] at 9. This statement directly contradicts PCW's more recent representation in its Initial Disclosures that "Prior art and documents relating to prior art," "Technical documents relating to the Accused Products," "Documents relating to the proper construction of the asserted claims of the Asserted Patents," and "Documents relating to sales, revenue, profits and losses of the Accused

Products" are all located with PCW's counsel in Boston, Massachusetts. *See* Hickey Decl., ¶ 16; *id.*, Exhibit 14 thereto, at p. 5 (Defendant's Initial Disclosures). Moreover, PCW does not manufacture the infringing wheels in Connecticut. As admitted in their affirmative defenses, PCW's infringing wheels are manufactured in Taiwan. *See* Answer [Doc. No. 16], p.12.

Regardless of whether these documents are located in Connecticut or Massachusetts or New Jersey (presumably the sales, revenue, profits, and losses documents are available in New Jersey since PCW's CFO and only identified witness with knowledge of that subject matter is located there) or Taiwan, this factor examines not only the location of sources of documentary proof and other tangible materials, but also the ease with which the parties can transport them to trial. *See, e.g., Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002). As PCW notes, the significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production. *See Mason*, 146 F. Supp. 2d at 1364. Indeed, courts have recognized that the location of records should be accorded little weight due to advances in copying technology and the ease of transporting documents. *See, e.g.*, *Steifel Lab'ys., Inc. v. Galderma Lab'ys., Inc.*, 588 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008) ("Moreover, this Court believes that, in the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in this District as in [the proposed transferee forum]."). Accordingly, the location of PCW's records should not hold any significant weight in favor of transfer.

As to inspection of the accused products in Connecticut versus Florida, this Court simply needs to recall what those products are: low-weight carbon-fiber bicycle wheels. These accused bicycle wheels are shipped around the United States and even to this District, as admitted by PCW in its Answer. PCW's Answer [Doc. No. 16], ¶ 6. PCW even transported prototypes of the accused

bicycle wheel to Florida for testing as part of one of its company "Milestones". *Id.*, ¶ 6; Hickey Decl., ¶ 14; *id.*, Exhibit 12 thereto, at p. 10. Thus, the location of some accused products in Connecticut does not weigh strongly in favor of transfer, and is at best neutral given the admitted national scope of PCW's sales.

> 3. *This District is PCW's chosen home forum and at least equally convenient for PCW and SRAM, weighing against transfer to the District of Connecticut.*

PCW declares that it would be "unnecessarily burdened" if its two key witnesses – only one of whom is located in Connecticut – "were required to travel to Florida." PCW's Memo. [Doc. No. 23-1] at 10. If Florida is such an inconvenient forum, it begs the question as to why PCW chose to incorporate in Florida, to receive the benefits and protections of Florida law, to maintain its corporate status in Florida from inception in 2015 to the present, to maintain its registered agent in Florida from inception to the present, to maintain its principal office in Florida for at least the first two years of its existence, and to test its accused products in Florida. Additionally, one must question why PCW has specifically chosen *not* to register its business and *not* to have a registered agent for service of process in either Connecticut or New Jersey, where its two "key" witnesses purportedly reside. *See* Hickey Decl., ¶¶ 11–12; *id.*, Exhibits 9–10 thereto.

As repeatedly recognized by other courts (including those in Delaware, the country's leading domicile for U.S. and international corporations), a lawsuit in a company's place of incorporation simply cannot be inconvenient absent incredibly exceptional circumstances. *See, e.g, Personalized User Model LLP v. Google, Inc.*, No. CIV.A. 09-525-JJF, 2009 WL 3460767, at *3 (D. Del. Oct. 27, 2009) (denying § 1404(a) motion to transfer in a patent case because the "Plaintiff chose to file the case in Delaware because Google is incorporated in and a resident of Delaware" and so Google could not "complain that it is unfair or unreasonable to be sued in its home state"); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001)

9

("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient.").

PCW cannot incorporate in Florida, have its only registered agent in Florida for more than six years, and assume all the benefits and advantages of Florida law, only to duck and cover when a lawsuit is filed against it in its home forum and protest the inconvenience of the home forum it chose and still maintains year after year. The fact that this District is indeed PCW's home forum strongly weighs against transfer.

> 4. *The locus of operative facts appears to span from this District to New Jersey to Connecticut to Taiwan to the United Kingdom to Illinois, and does not make the District of Connecticut significantly more convenient than this District, and this factor is therefore neutral.*

PCW contends that the accused products were designed and developed in Connecticut, that all documents and evidence are in Connecticut, and that one witness is in Connecticut. *See* PCW's Memo. at 10-11. PCW also ignores that it manufactures the wheels in Taiwan. *See* Answer [Doc. No. 16], p.12. As admitted by PCW and shown in the attached exhibits, PCW's infringing products are sold in this District and across the United States and in competition with SRAM's Zipp bicycle wheels, not all records and evidence are located in Connecticut (but instead in Massachusetts), and one of the company's publicly touted "Milestones" was testing work that occurred here in Florida. If that development work in Florida on the accused bicycle wheels was insignificant, then why would PCW label it one of its corporate "Milestones" in a publicly available pitch deck?

Accordingly, it is clear that the locus of the case is by no means limited to Connecticut and that "the presentation of evidence nationwide in scope does not particularly favor any venue." *Trinity*, 761 F. Supp. 2d at 1329. As a result, this factor is neutral.

> 5. *PCW has not identified any unwilling non-party witnesses in this case who cannot be compelled by this District or the District of Connecticut, and this factor is thus neutral.*

PCW claims that it has identified "likely key witnesses, all of whom reside outside of Florida and are beyond the reach of Florida's subpoena power" and that this somehow favors transfer. PCW misunderstands the application of this factor, which is geared toward the Court's ability to assert compulsory process over unwilling non-party witnesses.

The key witnesses that PCW has identified in its Initial Disclosures are SRAM party witnesses, PCW party witnesses, the inventor and licensor of the patents in question (both located in England), and the prosecutors of the patents in question (located in Michigan). *See* Exhibit 14 to the Hickey Decl., at 2–3. PCW has not identified that any of these witnesses are *unwilling* witnesses beyond the scope of the subpoena power of this District (or the District of Connecticut, for that matter).

Certainly, the ability to assert compulsory process over unwilling non-party witnesses can be a significant factor in determining whether a motion for transfer should be granted. *See Trafalgar Cap. Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1287 (S.D. Fla. 2012). However, the burden falls on the moving party to make a showing of "whether, though inconvenienced, the enumerated witnesses would attend a trial." *Mason*, 146 F. Supp. 2d at 1362. If the defendant has "not suggested that these [non-party] witnesses would be unwilling to appear of their own accord," *id.*, this does little to add to the motion to transfer. *See Trafalgar*, 878 F. Supp. 2d at 1287 (denying transfer). Moreover, even if the non-party witnesses would refuse to attend trial in the Southern District of Florida, PCW has not explained why their "testimony cannot be presented adequately via a deposition." *Id.* (quoting *MacMillan Bloedel, Inc. v. Hamric Transp., Inc.*, 617 F. Supp. 447, 449 (N.D. Ga. 1985)).

Here, PCW has made no showing regarding any unwilling non-party witness whose testimony would be available for compulsory process in Connecticut and not here in this District, or why such testimony could not be presented by deposition video if such an unwilling non-party witness even existed. Accordingly, this factor is neutral at best.

> 6. *PCW has the means to maintain its corporate status and registered agent in Florida and therefore has the means to litigate in this District, thus weighing against transfer to the District of Connecticut.*

PCW has sufficient means to litigate in this District, having made the deliberate choice to incorporate in Florida and to maintain its corporate status here, year after year, and even after the filing of this lawsuit. PCW knowingly selected its home forum and obviously determined that Florida's advantages were where it wanted to reside. Having taking those advantages, PCW cannot now claim poverty and inconvenience for litigating in its home forum.

> 7. *This District is equally familiar with the governing patent law and therefore this factor is neutral.*

SRAM agrees with PCW that this factor is neutral, wherein both Courts are "presumably equally well-versed in patent law." *Omega Pats., LLC v. Lear Corp.*, No. 607-CV-1422-ORL35DAB, 2009 WL 1513392, at *4 (M.D. Fla. May 27, 2009) (denying transfer).

> 8. *SRAM's choice of PCW's home forum is entitled to deference and weighs against transfer to the District of Connecticut.*

PCW incredibly argues that SRAM's choice of PCW's home forum "deserves no deference" and this factor favors transfer. PCW's Memo. [Doc. No. 23-1], at 13. However, this District applies Eleventh Circuit law, and this Circuit continues to credit a plaintiff's choice of forum, unless clearly outweighed by other considerations. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). While the fact that SRAM is not resident in this District lessens the force of the deference to be given, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 1191 (2007), this factor still favors plaintiff SRAM, in view

of the lack of countervailing considerations. The fact is that SRAM's Zipp bicycle wheels are sold in Florida and in this District and that PCW's accused bicycle wheels target to replace SRAM's wheels. *See* Hickey Decl., ¶ 18; Exhibit 16 thereto. Moreover, it strains credulity to argue that a lawsuit filed in a company's place of incorporation is somehow inconvenient. *See, e.g, Personalized User Model LLP,* 2009 WL 3460767, at *3; *ADE Corp.*, 138 F. Supp. 2d at 573. This Court should defer to SRAM's sound choice of PCW's home forum.

        9.    *Trial efficiency and the interests of justice strongly weigh against transfer to the District of Connecticut.*

PCW incorrectly represents that its "only connection to Florida is that it once filed papers with the Florida Secretary of State to incorporate in this jurisdiction and its CFO used an early prototype of the accused Wake 6560 wheels for pleasure rides in Florida over a three week period in the winter of 2015–2016. PCW's Memorandum in Support of its Motion to Transfer Venue [Doc. 23-1], at 13. In fact, PCW's connections to Florida are far deeper.

PCW incorporated as a Florida Profit Corporation in 2015, with the stated purpose "to engage in any activity or business permitted under the laws … of the State of Florida," and has continued to operate under the benefits of Florida law to the present day. *See* Hickey Decl., ¶¶ 3–5; *id.*, Exhibits 1 and 2 thereto. PCW did not just "once" file papers with the Florida Secretary of State. Instead, PCW not only filed its incorporation papers in 2015, but filed six (6) annual reports with the Florida Secretary of State for the years 2016, 2017, 2018, 2019, 2020, and in 2021, after this suit was filed. *See* Hickey Decl., ¶¶ 6–10; Exhibits 4–8 thereto. In fact, for the first two years of its existence, PCW identified its principal office as located in Boca Raton, Florida. *See* Hickey Decl., ¶¶ 4–5; Exhibits 2 and 3 thereto. Moreover, PCW's registered agent has been identified by PCW as being located in this District in each of the years 2015 through the present. *See* Hickey Decl., ¶¶ 4–10; Exhibits 2–8 thereto. In its Answer filed on April 30, 2021,

13

PCW admitted that "it resides in this District by virtue of its incorporation in Florida and location of its registered agent."  PCW's Answer [Doc. No. 16], ¶ 5.

This District has consistently held that "Florida has a strong interest in adjudicating cases involving Florida corporations."  *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373, 1381 (S.D. Fla. 2005) (denying transfer for nonresident CEO of Florida corporation); *see also Verdugo-Lopez v. Del Monte Fresh Product (Se.), Inc.*, No. 06-21017-CIV, 2006 WL 8433806, at *3 (S.D. Fla. Aug. 17, 2006) (denying transfer for resident Florida corporation and stating that, because "states have an interest in demanding that its resident corporations adhere to a level of protocol in conducting their business activities, the Court hereby finds that there is an important local/public interest as it relates to the above-styled case, and the proper venue for this matter is the Southern District of Florida.").  This public interest factor alone is weighty enough to deny transfer.

Additionally, it is clear that this District will move this case to trial much more swiftly than the District of Connecticut.  Trial in this District is already set for May 9, 2022, in just under a year.  *See* Order Setting Trial and Pre-Trial Schedule [Doc. No. 24].  By comparison, the median time from filing to trial in civil cases in the District of Connecticut was over 2 ½ years for 2020 and has been as high as 3 ½ years within the prior five years.  *See* Hickey Decl., ¶ 17; *id.*, Exhibit 15 thereto, at p. 2.  This trial efficiency factor, in combination with the interests of justice, strongly weighs against transfer to the District of Connecticut.

## CONCLUSION

For these reasons, SRAM respectfully requests that the Court deny PCW's Motion to Transfer Venue.

14

Dated:  June 4, 2021	Respectfully submitted,

/s/ *Eric C. Christu*
Eric C. Christu, Esq.
Florida Bar No. 434647
Email address: echristu@shutts.com
Secondary Email: aarce@shutts.com
Secondary Email: lmcnesby@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561) 835-8500
Facsimile:  (561) 650-8530


*/s/ Richard B. Walsh, Jr.*
Richard B. Walsh, Jr., Esq.*
Email Address: rwalsh@lewisrice.com
Michael J. Hickey, Esq.*
Email Address: mhickey@lewisrice.com
**LEWIS RICE LLC**
600 Washington Ave., Suite 2500
St. Louis, Missouri  63101
Telephone:  (314) 444-7600
Facsimile:  (314) 241-6056
* *Admitted Pro Hac Vice*


Attorneys for Plaintiff SRAM, LLC

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and parties identified on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

                                          By:   /s/ Eric Christu
                                                         COUNSEL

David S. Brafman, Esq.
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Email: david.brafman@akerman.com
*Attorneys for Defendant Princeton Carbon Works Inc.*

James M. Wodarski,Esq.*
Andre H. DeVoogd, Esq.*
Matthew S. Galica, Esq.*
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center, Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Email: JWodarski@mintz.com
Email: AHDeVoogd@mintz.com
Email: MSGalica@mintz.com
*\* admitted Pro Hac Vice*
*Attorneys for Defendant Princeton Carbon Works Inc.*