# Exhibit E

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 21-80581-CIV-ALTMAN/Reinhart**

SRAM, LLC,

    Plaintiff,

v.

PRINCETON CARBON WORKS INC.,

    Defendant.

---

**PLAINTIFF SRAM, LLC'S SUPPLEMENTAL EXPERT REPORT OF DR. LAURENS HOWLE REGARDING DEFENDANT PRINCETON CARBON WORKS INC.'S INFRINGEMENT OF U.S. PATENT NOS. 9,610,800 B2 AND 10,611,188 B2**

        b.     "*convex exterior profile*"

20. Even though I believe that this limitation is literally met by each of the Accused Products and that Dr. Hanson's measurements and analysis are inherently flawed, it is clear to me as a person of ordinary skill in the art at the time of the invention that the differences between this claim element and the Accused Products' components are insubstantial, in that the structure of the Accused Products perform substantially the same function, in substantially the same way, to achieve substantially the same result at the claim element.

21. The function of this claim limitation of a "convex exterior profile" for each peak of the undulating configuration is to form or create a peak profile for the wavelike configuration that has a rounded or curved form that bulges towards the wheel's center, as distinguished from the prior art reference of *Mercat* that lacks this claim limitation. The way that this claim limitation is achieved is by having the peak be rounded or curved in a form that bulges towards the wheel's center. The result is that this convex profile helps create a wavelike configuration with the aerodynamic, stability, and strength advantages set forth in the '800 patent.

22. With respect to the function of creating or forming a convex exterior profile for each of the peaks of the wavelike configuration, the Accused Products meet this requirement with insubstantial differences from the claim limitation. Dr. Hanson relies entirely upon the fact that a very slight spoke hole support is created in the middle of the peak of a size that he does not even purport to measure but attempts to describe as concave. Such a small region of concavity is not significant from an equivalents standpoint in terms of satisfying the function of creating or forming a convex exterior profile for each of the peaks of the wavelike configuration. Even Princeton's own marketing and descriptions of its wheels describe its peaks as "convex".

10

the '800 patent and therefore this limitation is satisfied for the same reasons as shown above with respect to my doctrine of equivalents analysis for the "convex exterior profile" limitation.

### B.     The '188 Patent

28.     Dr. Hanson contends that the Accused Products do not literally infringe the Asserted Claims of the '188 patent because the Accused Products purportedly lack the following limitations, namely "convex profiles in convex regions", "peaks and troughs", and an "undulating curve configuration". For the reasons set forth in my initial infringement Report and for additional reasons relating to the accuracy of Dr. Hanson's measurements and descriptions of the Accused Products, I strongly disagree with Dr. Hanson's analysis and conclusions and will present such criticisms at trial or as otherwise appropriate in this litigation.

29.     Additionally, based on these new arguments of non-infringement either presented for the first time in Dr. Hanson's Report or in Princeton's supplemental interrogatory answers served the day before my initial infringement Report, I have set forth my analysis with respect to the doctrine of equivalents below.

#### a.     "convex profiles in convex regions"

30.     Even though I believe that this limitation is literally met by each of the Accused Products and that Dr. Hanson's measurements and analysis are inherently flawed, it is clear to me as a person of ordinary skill in the art at the time of the invention that the differences between this claim element and the Accused Products' components are insubstantial, in that the structure of the Accused Products perform substantially the same function, in substantially the same way, to achieve substantially the same result at the claim element.

31.     The function of this claim limitation of the radially inner edge having "convex profiles in convex regions" which include the peaks of the undulating curve configuration is to

form or create a peak profile for the rounded wavelike configuration that has a rounded or curved form that bulges towards the wheel's center, as distinguished from the prior art reference of *Mercat* that lacks this claim limitation. The way that this claim limitation is achieved is by having the peak be rounded or curved in a form that bulges towards the wheel's center. The result is that these convex profiles in convex regions help create a wavelike configuration with the aerodynamic, stability, and strength advantages set forth in the '188 patent.

32. With respect to the function of creating or forming a radially inner edge having convex profiles in convex regions including peaks of the rounded wavelike configuration, the Accused Products meet this requirement with insubstantial differences from the claim limitation. Dr. Hanson relies entirely upon the fact that a very slight spoke hole support is created in the middle of the peak of a size that he does not even purport to measure but attempts to describe as concave. Such a small region of purported concavity is not significant from an equivalents standpoint in terms of satisfying the function of creating or forming convex profiles for convex regions of the radially inner edge and including peaks of the rounded wavelike configuration. Even Princeton's own marketing and descriptions of its wheels describe the peaks as "convex", as described above.

33. Similarly, the way that this claim limitation is achieved in the Accused Products is substantially the same as the claim limitation itself. Again, Dr. Hanson does not even purport to measure the purported concavity of this spoke support and therefore it is clearly insubstantial and not readily discernible to the naked eye. Thus, the way of the Accused Products is substantially the same as the claim limitation itself.

34. Finally, the result is not different at all. The aerodynamic, stability, and strength advantages provided by the radially inner edge having convex profiles in convex regions, including

I declare under penalty of perjury under the laws of the United States of America that the foregoing are my opinions in this case.

EXECUTED January 10, 2022.

_____
Laurens E. Howle, Ph.D., P.E.