**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| SRAM, LLC, | Case No. 9:21-cv-80581 RKA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| PRINCETON CARBON WORKS INC., | |
| Defendant. | |

**JOINT PRETRIAL STIPULATION**

Plaintiff SRAM, LLC ("SRAM" or "Plaintiff") and Defendant Princeton Carbon Works Inc. ("PCW" or "Defendant"), respectfully submit the following Joint Pretrial Stipulation pursuant to Local Rule 16.1(e) and this Court's Amended Scheduling Orders (ECF Nos. 91, 147, 154, 164).

I.   **CONCISE STATEMENT OF THE CASE**

A.   **Plaintiff's Statement**

Plaintiff SRAM is a leader in the design, manufacture, and sale of high performance bicycle components, including bicycle wheels. SRAM is the exclusive licensee of patents relating to novel undulating bicycle wheels invented by Dimitrios Katsanis, an esteemed bicycle engineer who has designed bicycle components for every summer Olympics since 1992. The validity of these patents has been repeatedly confirmed by the United States Patent and Trademark Office. SRAM spent years of time and millions of dollars in resources to commercialize the Katsanis inventions and develop a new market for carbon-fiber undulating bicycle wheels and industry and consumer acceptance of that new market. SRAM publicly introduced its licensed undulating bicycle wheels in November 2016. While greeted with initial skepticism, SRAM's efforts led to great acclaim

1

and success.  SRAM's US-manufactured bicycle wheels are currently sold under the Zipp 353 NSW, 454 NSW, and 858 NSW brand names.  They are available for test riding and purchase in bicycle shops and retailers in Florida and across the United States, at a suggested retail price between $3,600 and $4,800 per wheel set.

After SRAM had successfully created this new market for carbon undulating wheels, Defendant Princeton Carbon Works, a Florida corporation, tried to license the Katsanis inventions to make Princeton's own bicycle wheels.  Princeton was told by Katsanis that the inventions had already been exclusively licensed to SRAM.  Princeton did not contact SRAM and ask for a license.  Despite not getting that needed license, Princeton nevertheless went ahead with selling infringing bicycle wheels, including wheels marketed under the names WAKE 6560, GRIT 4540, and PEAK 4550 (collectively "the Accused Products").  Princeton's infringing wheels are manufactured in China and sell at a considerably lower price.   SRAM has lost significant sales based on Princeton's infringement.

After SRAM sent a cease and desist letter, Princeton said it was going to redesign its wheels.  When it became clear that Princeton did not honor its word, SRAM brought this patent infringement lawsuit against Princeton, alleging that the Accused Products infringe SRAM's exclusively licensed patents, namely U.S. Patent No. 9,610,800 B2 ("the '800 Patent") (Count I) and 10,611,188 B2 ("the '188 Patent") (Count II) (collectively "the Patents-in-Suit").  Specifically, SRAM alleges that Princeton's WAKE 6560 bicycle wheels infringe claims 1-6, 9, 12, 14, 16-19, and 22 of the '800 Patent, that Princeton's GRIT 4540 and PEAK 4550 bicycle wheels infringe claims 1-6, 9, 12, 14-19, and 21-22 of the '800 Patent, and that the Accused Products infringe claims 1-8 and 10-13 of the '188 Patent (collectively "the Asserted Claims").

SRAM seeks to have Princeton's infringement of the Patents-in-Suit stopped as soon as possible.  SRAM also seeks lost profits associated with lost sales, or alternatively a reasonable royalty to compensate it for Princeton's infringement until an injunction is issued.  Because Princeton was aware of the Patents-in-Suit, Princeton's infringement is willful, such that an award of enhanced damages and attorneys' fees and costs is appropriate.

**B.**     **Defendant's Statement**

SRAM alleges that the Accused Products infringe the Asserted Claims of the '800 Patent (issued April 4, 2017) (Count I) and the '188 Patent (issued April 7, 2020) (Count II). The purported inventions claimed by these patents were not conceived, developed, or patented by SRAM. Further, SRAM does not even own the patents. Instead, the patents were invented by an individual in the UK, Mr. Dimitris Katsanis. Mr. Katsanis has no known relationship with SRAM other than a royalty-bearing patent license to the patents being asserted in this case through a series of amended agreements. SRAM is now asserting them against PCW.

PCW denies all liability, and the evidence adduced at trial will demonstrate that no such liability exists. First, the Accused Products do not infringe. PCW's Accused Products do not have an inner edge of a rim with a "radial distance" that "continuously varies" between adjacent peaks and troughs as required by the claims. Instead, each of PCW's Accused Products has "flat" portions of constant radial distance situated between each adjacent peak and trough. Further, PCW's Accused Products do not possess "peaks" having "convex" profiles. Instead, the profile of the peaks on all of PCW's Accused Products bulges *away* from the center of the rim making the profile concave—the opposite of convex—with an alleged "peak" that is not the highest point.

Second, the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and 103. The patents in suit are invalid under 35 U.S.C. § 102 because they are anticipated by numerous prior art references

and/or bicycle wheels. Additionally and alternatively, the patents in suit are invalid under 35 U.S.C. § 103 because they are obvious in light of numerous combinations of references and because a person of ordinary skill in the art would have been motivated to combine references teaching the use of undulating configurations on the inner edge of bicycle rims.

Third, in the event that SRAM is able to demonstrate a valid and infringed claim exists— which PCW denies is possible—SRAM is entitled to no more than a reasonable royalty. SRAM cannot demonstrate that there are circumstances that entitle it to lost profits, at least because there are numerous market participants other than the parties in the relevant market. SRAM has also wholly failed to advance any factual predicate that might entitle it to an injunction. And, with respect to what a reasonable royalty rate should be, SRAM has already negotiated a license agreement with Mr. Katsanis for the presently-asserted patents which memorializes how SRAM values the asserted patents—not the rate SRAM's expert proposes that is upwards of 25 times what it pays to use the same technology.

## II.    BASIS OF FEDERAL JURISDICTION

This Court has jurisdiction over the parties' patent claims under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

## III.    PLEADINGS RAISING THE ISSUES

The operative pleadings are as follows:

1.    SRAM's Complaint ( ECF No. 1), which asserts claims for patent infringement of the Patents-in-Suit against PCW;

2.    PCW's Answer, Affirmative Defenses and Counterclaim (ECF No. 16), which denies the material allegations of SRAM's Complaint and asserts counterclaims for declarations that PCW does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid;

3.      SRAM's Answer (ECF No. 20), which denies the material allegations of PCW's Counterclaim.

## IV.    UNDISPOSED OF MOTIONS AND MATTERS REQUIRING ACTION BY THE COURT

The parties agree that the following motions remain pending before the Court and have been fully briefed:

1.      Defendant's Renewed Motion to Exclude Expert Testimony and Report of Glenn W. Perdue (ECF No. 98)

2.      Plaintiff's Motion for Partial Summary Judgment of Patent Validity (ECF No. 101)

3.      Defendant's Motion for Summary Judgment of No Infringement (ECF No. 106)

4.      Defendant's Motion to Exclude the Declaration of Dr. Howle and the Declaration of Mr. Wesling (ECF No. 133)

The following motions will be filed after the Court has ruled on Plaintiff's Motion for Partial Summary Judgment of Patent Validity (ECF No. 101) and Defendant's Motion for Summary Judgment of No Infringement (ECF No. 106):

5.      Plaintiff's Motion in Limine

6.      Defendant's Motion in Limine

## V.    CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL

The parties submit the following concise statement of uncontested facts which will require no proof at trial, and further note that certain of these uncontested facts may be updated in advance of trial, such as the number of Accused Products sold.

1.      The '800 Patent issued on April 4, 2017.

2.      The '188 Patent issued on April 7, 2020.

3.      The Patents-in-Suit are part of a family of patents that claim priority to a British patent application filed January 27, 2011.

4.      The inventor of the Patents-in-Suit is Dimitrios Katsanis.

5.      Dimitrios Katsanis' company, Metron IP Limited, is the owner of the Patents-in-Suit.

6.      SRAM is the exclusive licensee of the Patents-in-Suit.

7.      SRAM's exclusive license to the Patents-in-Suit states that SRAM has the exclusive right, but not the obligation, to commence, prosecute and resolve lawsuits against third parties arising from alleged infringement of the Patents-in-Suit.

8.      Each of the Accused Products have been and continue to be sold by PCW in the United States.

9.      The rim depth and width dimensions of the GRIT 4540 bicycle wheels have not changed since their first sale in the United States in 2019.

10.     The rim depth and width dimensions of the PEAK 4550 bicycle wheels have not changed since their first sale in the United States in 2021.

11.     PCW has sold a total of **[TO BE AGREED UPON BY THE PARTIES]** WAKE 6560 bicycle wheels in the United States from May 29, 2018, to November 2, 2022.

12.     PCW has sold a total of **[TO BE AGREED UPON BY THE PARTIES]** GRIT 4540 bicycle wheels in the United States from May 29, 2018, to November 2, 2022.

13.     PCW has sold a total of **[TO BE AGREED UPON BY THE PARTIES]** PEAK 4550 bicycle wheels in the United States from May 29, 2018, to November 2, 2022.

14.     The following references were patented or described in a printed publication in the United States or a foreign country more than one year prior to January 27, 2011:

    a.      U.S. Patent No. 6,196,638: Filing date of Dec. 29, 1998; Assignee is Shimano Inc.; Inventors are Toshio Mizuno, *et al.* (referred to as "Mizuno").

    b.      U.S. Patent No. 6,402,256: Filing date of Sept. 5, 2000; Assignee is Mavic S.A.; Inventor is Jean-Pierre Mercat (referred to as "Mercat")

    c.      U.S. Patent No. 6,425,641: Filing date of Feb. 13, 2001; Assignee is Jas. D. Easton, Inc.; Inventor is Eric Herting  (referred to as "Herting")

    d.      U.S. Patent No. 7,083,239: Filing date of July 25, 2003; Assignee is Shimano Inc.; Inventor is Shinpei Okajima (referred to as "Okajima")

    e.      U.S. Patent Pub. No. 2005/0242658: Filing date of Apr. 30, 2004; Inventors are Lawrence E. Carlson, *et al.* (referred to as "Carlson")

    f.      U.S. Patent Pub. No. 2008/0054712: Filing date of Aug. 29, 2007; Assignee is Campagnolo S.R.L.; Inventor is Davide Urbani  (referred to as "Urbani")

6

g.  U.S. Patent Pub. No. 2009/0236902: Filing date of Mar. 9, 2009; Inventor is Mordecai Zibkoff (referred to as "Zibkoff")

h.  EU Patent No. 1,262,334:  Filing date of Feb. 7, 2022; Applicant is Alex Machine Industrial Co., Ltd; Inventor is Chao-Ying Chen  (referred to as "Chen")

i.  German Patent Pub. No. 20202273:  Filing date of Feb. 15, 2022; Owner is Alex Machine Industrial Co., Ltd. (referred to as "Alex Machine")

15.  The Mercat, Herting, Zibkoff, Chen, and Alex Machine references were cited during the prosecution of the '800 and '188 patents.

16.  Certain Mavic "Ksyrium" bicycle wheels have been publicly available in the United States as of 2008.

17.  Certain Fulcrum bicycle wheels have been publicly available in the United States as of 2010.

18.  Certain Shimano bicycle wheels have been publicly available in the United States as of 2008.

19.  SRAM gave PCW actual notice of infringement of the '800 Patent on May 29, 2018, when SRAM sent a letter from its litigation counsel.

20.  SRAM gave PCW actual notice of infringement of the '188 Patent on March 23, 2021, when SRAM served its complaint in this lawsuit.

## VI.  STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL

Subject to the parties' positions set forth in their respective summary judgment motions that there is no genuine issues of material fact as to certain factual issues, the parties identify the following list of factual issues to be tried:

1.  Whether PCW has infringed any one of the Asserted Claims of the Patents-in-Suit.

2.  Whether any infringement by PCW of the Asserted Claims of the Patents-in-Suit was willful.

3.  Whether the Asserted Claims of the Patents-in-Suit are anticipated under 35 U.S.C. § 102 in view of any single prior art reference or prior art bicycle wheel.

4.   Whether the Asserted Claims of the Patents-in-Suit are obvious under 35 U.S.C. § 103 in view of any appropriate combination of the prior art references and/or prior art bicycle wheels, based on:

   i.   The scope and content of the prior art;

   ii.  The differences between the Asserted Claims of the Patents-in-Suit and the content of the prior art;

   iii. The level of ordinary skill in the pertinent art;

   iv.  Whether one of ordinary skill in the art would be motivated to combine the prior art references to arrive at the inventions claimed in the Patents-in-Suit; and

   v.   The presence or absence of objective evidence of non-obviousness.

5.   If PCW is found to infringe a valid patent claim, the appropriate amount of damages to compensate SRAM.

## VII.   CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT

All issues of law on which there is agreement are reflected in the parties' jointly proposed Jury Instructions filed concurrently herewith.

## VIII.   CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

Other than the issues of law raised in the pending motions identified above and motions *in limine* that the parties are planning to file after the Court rules on such pending motions, the parties identify the following list of issues of law and equity which remain to be decided:

1.   Whether SRAM is entitled to a permanent injunction against PCW, requiring PCW to refrain from directly infringing, contributing to, and inducing the infringement of the Patents-in-Suit.

2.   Whether SRAM is entitled to enhanced damages for PCW's willful infringement, if any, pursuant to 35 U.S.C. § 284, and, if so, the dollar amount of the enhancement.

3.   Whether SRAM is entitled to costs, and, if so, the dollar amount of its costs.

4.      Whether SRAM is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

5.      Whether this is an exceptional case pursuant to 35 U.S.C. § 285, and whether a prevailing party is entitled to an award of attorneys' fees.

6.      Whether SRAM has misused the Patents-in-Suit and/or comes to this Court with unclean hands.

7.      Whether PCW is entitled to declaratory judgment that one or both of the Patents-in-Suit is not infringed and/or is invalid.

8.      Whether PCW is entitled to costs, and, if so, the dollar amount of its costs.

## IX.    TRIAL EXHIBIT LISTS

Plaintiff's trial exhibit list, with Defendant's objections, is attached as <u>Exhibit 1</u>. Defendant's trial exhibit list, with Plaintiff's objections, is attached as <u>Exhibit 2</u>.  The parties will continue to work to resolve remaining objections to their respective exhibit lists in advance of trial.

Both parties reserve the right to  add exhibits to their exhibit lists as the parties continue to work to resolve outstanding objections; utilize additional exhibits in rebuttal, for impeachment, or as demonstratives;  utilize any exhibit identified on the exhibit list for the opposing party; and to make further objections based upon the use of any particular exhibit at trial.  The inclusion of an exhibit on a party's list is not an admission of its admissibility when offered by the other party.

The parties agree hard copies of all exhibits used during a witness's examination will be made available to the witness and opposing counsel, upon request.

## X.     TRIAL WITNESS LISTS AND DISCLOSURES

Plaintiff's list of witnesses to be called at trial, including those to be presented by means of deposition, is attached as <u>Exhibit 3</u>.  Defendant's list of witnesses to be called at trial, including those to be presented by means of deposition, is attached as <u>Exhibit 4</u>.  Each party agrees to notify the other party no later than 24 hours before calling a "will call" witness, *i.e.*, by 9 a.m. on Tuesday

for witnesses being called on Wednesday.  Each party agrees to notify the other party no later than 36 hours before calling a "may call" witness.  During this case, each party should provide the other party advanced notice as to the identities of the next two witnesses the party will call in the order they are to appear, subject to normal scheduling breakdowns.  For example, if a party will call witnesses A and B, those witnesses should be disclosed, as well as the order of testimony.  Once witness "A" testifies, the party will disclose witness "C" to the other party.

A table containing Plaintiff's deposition designations for trial witnesses, including Defendant's objections and counter-designations, is attached as <u>Exhibit 5</u>.  A table containing Defendant's deposition designations for trial witnesses, including Plaintiff's objections and counter-designations, is attached as <u>Exhibit 6</u>.  Each party agrees to provide the other parties, by no later than 5 p.m. the day before playing a deposition, with the final run report for that deposition, which will include counter-designations and remove any material required by the Court's rulings on objections and/or motions in limine.  Should either party desire to remove material from its designations/counter-designations, it must provide notice to the other party no later than 9 p.m. the day before the deposition is to be played.  No party shall be permitted to add material not previously designated after January 13, 2023.

## XI.   ESTIMATED TRIAL TIME

The parties estimate that the trial can be completed within the two-week calendar range for which it is currently scheduled.

## XII.   ATTORNEYS' FEE AWARD

SRAM currently estimates that $2.8 million would be the maximum amount allowable to SRAM for attorneys' fees and costs as a prevailing party.

PCW estimates that $3.0 million would be the maximum amount allowable to PCW for attorneys' fees and costs as a prevailing party.

## XIII.   OTHER MATTERS

### Sequestration of Witnesses

The parties agree that all fact witnesses will be sequestered until each witness has completed their testimony in their respective side's case-in-chief.  The parties agree that their respective company representatives may be present during opening statements.

### Disclosure of Demonstratives During Trial

The parties will exchange demonstratives (in color, electronically) to be used in opening statements by 8:00PM Eastern Standard Time (EST) Saturday, February 11, 2023.  The parties will provide any objections to such demonstratives by 12:00PM EST Sunday, February 12, 2023. The parties shall meet and confer in an attempt to resolve any objection to the demonstratives no later than 3:00PM EST Sunday, February 12, 2023.  If good faith efforts to resolve the objections fail, opposing counsel will bring potential evidentiary disputes regarding the demonstrative(s) to the Court's attention no later than the morning of the first day of trial, Monday, February 13, 2023.

Similarly, to the extent demonstratives will be used for the direct examination of witnesses, each party shall exchange any demonstratives (in color, electronically) it intends to use with each witness by 7:00PM EST the day before the party intends to call those witnesses at trial.  Any objection to the demonstratives shall be made by 10:00PM EST the same day.  The parties shall meet and confer in an attempt to resolve any objection to the demonstratives no later than 8:00AM EST the next day.  If good faith efforts to resolve the objections fail, opposing counsel will bring potential evidentiary disputes regarding the demonstrative(s) to the Court's attention no later than the morning of the day the demonstrative will be offered, before trial begins or resumes.  These

provisions do not apply to demonstratives created in the courtroom during testimony at trial or the enlargement, highlighting, ballooning, etc. of trial exhibits or of testimony or demonstratives to be used in cross-examination of a witness.

**<u>Authenticity and Admissibility of Documents</u>**

The parties stipulate that any document produced in discovery by a party that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed to be a true and correct copy of a document under Federal Rule of Evidence 901 maintained in the party's files as of the date of the party's document collection, subject to the right of the party against whom such a document is offered to adduce evidence of inadmissibility.

The parties stipulate that legible photocopies of United States and foreign patents, published applications, and the contents of their associated file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections that may be made to the admissibility. In addition, the parties stipulate that copies of such documents are deemed to be authentic under the Federal Rules of Evidence, including Rule 901, subject to the right of the party against whom such a document is offered to adduce evidence of inadmissibility.

The parties stipulate that none of the stipulations in the previous two paragraphs shall serve as a waiver of any other objections a party may have to trial exhibits as set forth on the attached exhibit lists or as part of their respective motions in limine, or abrogate the requirement that the party offering the document into evidence satisfy any other rules governing the admissibility of

evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, Local Rules, the Court's individual practices, or any other applicable rule or regulation.

## **Voir Dire Questions**

Pursuant to this Court's Amended Scheduling Orders (ECF No. 91, 147, 154, 164), the parties each submit their own set of five proposed, case-specific questions to be included in the written questionnaire to be completed by prospective jurors prior to the commencement of voir dire questioning in the courtroom.  Plaintiff's set of questions is attached as Exhibit 7.  Defendant's set of questions is attached as Exhibit 8.  The sets of questions are separately being submitted to the Court in Word format.

Dated: November 21, 2022                          Respectfully submitted,


/s/ *Eric C. Christu*                             /s/ *David S. Brafman*
Eric C. Christu (Florida Bar No. 434647           David S. Brafman (Florida Bar No. 68289)
SHUTTS & BOWEN LLP                                Email: david.brafman@akerman.com
525 Okeechobee Boulevard, Suite 1100             AKERMAN LLP
West Palm Beach, FL 33401                         777 South Flagler Drive
Tel: (561) 650-8556                               Suite 1100, West Tower
Facsimile: (561) 671-5900                         West Palm Beach, FL 33401
Email: echristu@shutts.com                        Tel: (561) 653-5000


Richard B. Walsh, Jr. (admitted *pro hac vice*)  *Of Counsel*
Michael J. Hickey (admitted *pro hac vice*)
Edward T. Pivin (admitted *pro hac vice*)        James M. Wodarski (admitted *pro hac vice*)
LEWIS RICE LLC                                    Andrew H. DeVoogd (admitted *pro hac vice*)
600 Washington Ave., Suite 2500                   Matthew S. Galica (admitted *pro hac vice*)
St. Louis, Missouri 63101                         MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
Tel: (314) 444-7600                               AND POPEO, PC
Facsimile: (314) 241-6056                         One Financial Center
Email: rwalsh@lewisrice.com                       Boston, MA 02111
Email: mhickey@lewisrice.com                      Tel: (617) 542-6000
Email: epivin@lewisrice.com                       Facsimile: (617) 542-2241
                                                  JWodarski@mintz.com
                                                  AHDeVoogd@mintz.com
*Counsel for Plaintiff SRAM, LLC*                 MSGalica@mintz.com


                                                  *Counsel for Defendant Princeton Carbon Works*
                                                  *Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

On November 21, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).


Dated:  November 21, 2022                 Respectfully submitted,

                                          /s/ *Eric C. Christu*
                                          Eric C. Christu (Florida Bar No. 434647
                                          SHUTTS & BOWEN LLP
                                          525 Okeechobee Boulevard, Suite 1100
                                          West Palm Beach, FL 33401
                                          Tel: (561) 650-8556
                                          Facsimile: (561) 671-5900
                                          Email: echristu@shutts.com

                                          Richard B. Walsh, Jr. (admitted *pro hac vice*)
                                          Michael J. Hickey (admitted *pro hac vice*)
                                          Edward T. Pivin (admitted *pro hac vice*)
                                          LEWIS RICE LLC
                                          600 Washington Ave., Suite 2500
                                          St. Louis, Missouri 63101
                                          Tel: (314) 444-7600
                                          Facsimile: (314) 241-6056
                                          Email: rwalsh@lewisrice.com
                                          Email: mhickey@lewisrice.com
                                          Email: epivin@lewisrice.com

                                          *Counsel for Plaintiff SRAM, LLC*


4885-2664-4261

15