# SRAM EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 21-80581-CIV-RKA

```
SRAM, LLC,                         .
                                   . Miami, Florida
          Plaintiff,               .
                                   . May 12, 2022
     v.                            . 1:39 p.m.
                                   .
PRINCETON CARBON WORKS INC.,       .
                                   .
          Defendant.               .
. . . . . . . . . . . . . . . . . .
```

- - - - -

Transcript of Zoom Status Conference Hearing had

before the Honorable Roy K. Altman,

United States District Judge.

- - - - -

Proceedings recorded by mechanical stenography, transcript produced by computer.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)301-3276

1 radius."

2 The parties have reached an agreement on the meanings 3 of three of those sets: "Undulating configuration" and 4 "undulating curve configuration," "a radius," and "continuously 5 varies." See joint stipulations, ECF Numbers 85 and 93.

6 Despite the parties' efforts, the parties have not 7 reached an agreement on the proper construction of the 8 following words and phrases, though: "Peaks" and "troughs," on 9 the one hand, and "convex exterior profile," "convex profile" 10 and "convex regions" on the other. I'll just address the 11 construction of these terms in turn.

12 I've previously described the principles underlying 13 claim construction in *Edge Systems, LLC vs. Venus Concept* 14 *USA, Inc.*, 2019 WL 3936379, at 1, Southern District of Florida 15 case from August 20th, 2019. As I explained there, resolving 16 disputes over the construction of patent claims is a task left 17 exclusively to the federal courts. *Markman vs. Westview* 18 *Instruments, Inc.*, 517 U.S 370, at 390, a 1996 case. "The 19 construction of claims is simply a way of elaborating the 20 normally terse claim language in order to understand and 21 explain, but not to change, the scope of the claims." That's 22 from *Terlep vs. Brinkmann Corporation*, 418 F.3d 1379, at 1382, 23 a Federal Circuit case from 2005. "The purpose of claim 24 construction is to give claim terms the meaning understood by a 25 person of ordinary skill in the art at the time of invention."

1   single point cannot have a "convex exterior profile," as, of
2   course, Princeton points out.  Instead, the patent is plainly
3   using "each peak" in this context as a synonym for "each convex
4   curve."
5          And this is consistent, of course, as I mentioned at
6   the hearing, with how we use plain English.  We can say "Pikes
7   Peak" to refer either to the whole mountain or to the highest
8   point, the summit of that mountain.  Just as we can say "Death
9   Valley" refers to the entire valley in addition to the lowest
10  point in that valley.
11         So here's what I'm going to do, and I presaged this at
12  the hearing.  "Peaks" and "troughs" will be defined as "peaks"
13  and "valleys."  And before trial, I will have a charge
14  conference with the parties to agree on language for
15  instruction to the jury that "peaks" and "valleys" sometimes
16  refers to the single highest or lowest point on an ascending or
17  descending curve, and will point out for them the portions of
18  the patents and claims where that occurs; and sometimes those
19  same words refer to the entire ascent or descent, and will
20  point for them -- identify for them those parts of the patents
21  and claims where that occurs.
22         Ideally, you all will have a conference before the
23  trial begins, and, in fact, before the calendar call, where
24  you'll propose such an instruction.  I want it to be short and,
25  as with all of my constructions and all my suggestions to you,

```
 1              MR. WALSH:  That's okay.  The light in our thing went
 2   on so that's why -- I just said, let it go.  Sorry.
 3              THE COURT:  All right.  I'm not going to read again
 4   what the patent looks like, because you know what the patent
 5   looks like, and I won't read again what your respective
 6   positions are, because those have been submitted in the
 7   supplemental notice and the stipulation.
 8              These terms are somewhat close as they appear in the
 9   stipulation, obviously, but I think SRAM's view finds greater
10   support in the record.
11              First, SRAM's construction is consistent with ordinary
12   language -- and, as with the other terms, there's no indication
13   that the terms, as used in the patents, depart in any
14   meaningful way from their plain meaning in English.  So, for
15   example, "convex" simply means "having a surface that is curved
16   or rounded outward."  That's from Webster's Encyclopedic
17   Unabridged Dictionary, the 1989 version, at page 320.  Or it
18   could mean "curved like the outside of a circle or sphere,
19   having a curvature that bulges towards the point of
20   observation."  That's from the Oxford English Dictionary from
21   that same year, 1989.  SRAM's definition -- which is "rounded
22   or curved form bulging toward the wheel center" -- aligns with
23   this common meaning.
24              Second, as SRAM's expert has explained, in a way that
25   I found pretty convincing, this understanding was consistent at
```

1  the time with how a person skilled in the art would understand
2  that term.  That's the Howle declaration at paragraph 63.
3        I'll note too that I reviewed the Howle declaration
4  and compared it to the defendant's expert's declaration, and I
5  found the Howle declaration to conform time and time again with
6  my own understanding of how these terms should be construed,
7  not just with these three claim terms, or even with "peaks" and
8  "troughs," but also with the terms that the parties ultimately
9  agreed on.  Time and again, Mr. Howle came up with his own view
10 of how these terms should be construed, and the parties' later
11 agreements, which of course he couldn't have predicted when he
12 filed his declaration, conformed to a significant degree with
13 his own predictions of what those constructions should be,
14 which I think obviously bolsters the credibility of Howle's
15 declaration.
16       Third, SRAM's construction is consistent with the
17 figures in the patent.
18       The only difference really now between the parties'
19 constructions is that Princeton adds a limiting phrase to each
20 term -- the limiting phrase being "with a highest point that is
21 closer to the wheel's center than any other points on the
22 rounded or curved area."  This addition makes no sense to me
23 for a few reasons.
24       One, the '800 patent already says that the wheels have
25 a "radial distance that continuously varies."  To pack into the

1    construction.
2            There's one other point to make, which is something
3    that Princeton raised at the hearing, which is that, of course,
4    the first patent includes the word "exterior," whereas the
5    later patent does not. But, of course, that could be explained
6    by the more obvious point, rather than making something
7    indefinite or suggesting a disavow, that the inventor realized
8    the term "exterior" was redundant with the term profile,
9    discarded it in the subsequent patent, and that the USPTO
10   didn't care, because they too agreed that the word "exterior"
11   was redundant and unnecessary.
12           For all these reasons, we rule in favor of SRAM's
13   proposed constructions, which, again, means that "convex
14   exterior profile" and "convex profile" would mean "profile view
15   having a rounded or curved form bulging towards the wheel
16   center," and that "convex region" will mean "areas having a
17   rounded or curved form bulging towards the wheel's center."
18           All right, folks. So that's my ruling on the claim
19   construction.
20           I've told you also about what I expect with respect to
21   the jury instruction. I know you all filed -- you've been very
22   busy -- you filed your motions for summary judgment yesterday.
23   You saw that I granted the motion to file certain things under
24   seal. So I don't know that there's much else to discuss.
25           I assume the parties have gotten no closer on trying