# SRAM EXHIBIT 3

```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF FLORIDA

                          MIAMI DIVISION

                   CASE NO. 21-80581-CIV-RKA




    SRAM, LLC,                        .
                                      . Miami, Florida
                 Plaintiff,           .
                                      . April 20, 2022
              v.                      . 11:08 a.m.
                                      .
    PRINCETON CARBON WORKS INC.,      .
                                      .
                 Defendant.           .
    . . . . . . . . . . . . . . . . . .

                          - - - - -

              Transcript of Markman Hearing had

              before the Honorable Roy K. Altman,

                   United States District Judge.

                          - - - - -










    Proceedings recorded by mechanical stenography, transcript
    produced by computer.
```

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)301-3276

```
 1              (Laughter)
 2              THE COURT:  So the point is that maybe "varies" is --
 3   sounds like kind of a technical word.  Why couldn't we use
 4   something like "continuously changes"?  "Changes" being a
 5   synonym of "varies."  "Continuously" being the word that's in
 6   there.  And nobody has any question about what the word
 7   "continuously" means.  It's in there, and it's a very clear and
 8   plain word.  I think "varies" is generally a plain word,
 9   although, "changes" might just be more commonly used.
10              MR. HICKEY:  We have no objection to "continuously
11   changes."  That's totally fine.
12              THE COURT:  What about Princeton, "continuously
13   changes"?
14              MR. GALICA:  I think --
15              MR. DE VOOGD:  Stand up.
16              MR. GALICA:  I think in --
17              THE COURT:  I don't mean to get into a huge argument.
18   I'm going to hear from you later.
19              MR. GALICA:  Yeah.
20              THE COURT:  I just mean maybe we can circumvent this
21   the whole thing if we can agree to something like "continuously
22   changes," or something else like that.
23              MR. GALICA:  Yeah, I think we're open to considering a
24   middle ground.  I think in view of this right now, we think
25   that our proposed construction offers more precision and
```

```
 1   mountain or the nadir of that undulating wave or valley.
 2           But I think what we can do to help the jurors,
 3   because, again, we're trying to get it right in a way that
 4   helps the jurors.  The second caveat should not be lost on us.
 5           I think something we can do -- I think "elevations"
 6   and "recessions" is harder to understand than "peaks" and
 7   "troughs."  I think "peaks" and "troughs" is harder to
 8   understand than the way we would normally in everyday English
 9   refer to this situation which is, of course, as you probably
10   guessed it by now, "peaks" and "valleys."  That's what we
11   always say.  That's obviously what this means.
12           And both allow us to capture exactly what I've just
13   articulated, which is the I think important point that
14   Princeton was making, which I took you to be denying, but
15   you're telling me today you're not, which is that a peak
16   includes not just the apex, but also the ascent and that a
17   valley includes not just the nadir, but also the descent.
18           And that it may make sense -- and this is where I'm
19   going to give you all some homework if you agree that what I've
20   just said makes sense, it may make sense to say, okay, we are
21   going to define them as "peaks" and "valleys," but we're going
22   to make clear to you in a separate sentence in the instructions
23   that you all can work out -- not now, but one day if we ever
24   get to a jury -- you can work out, a separate sentence that
25   makes this point clear, this common language English point that
```

1  from the single lowest point to the adjacent single lowest
2  point.
3           So, with that understanding, or requirement within the
4  claims that we need to navigate from adjacent peaks to troughs
5  to determine whether the radial distance continuously varies,
6  if it were just an elevation to an elevation, the question
7  becomes where does that begin, where does that end, and which
8  area of the radially inner edge are you analyzing to determine
9  whether the radial distance continuously varies?
10          And we would submit that the easiest and more precise
11 way to do that would be going from highest point to highest
12 point, lowest point to lowest point.
13          THE COURT: Why is that different than saying "peaks"
14 and "valleys"?
15          MR. GALICA: Because I think "peaks" and "valleys" is
16 subject to different interpretations as we've seen with SRAM's
17 proposed construction of just "elevation." It's unclear where
18 that elevation would begin --
19          THE COURT: I'm not proposing to take "elevation" or
20 "recession." I don't like them. I'm proposing "peaks" and
21 "valleys" for the reason that, A, "peak" is the word in there,
22 and, B, "valley" is the obvious synonym for "trough." And the
23 second reason is because it's what everyday people would use in
24 describing this scenario.
25          MR. GALICA: And -- understood. I think the concern

1   from PCW's perspective is when you use that word "peak" or
2   "trough" or "peak" or "valley," are you referring to the single
3   point or some undefined region at the top of protrusion or near
4   the bottom of a valley?
5           THE COURT:  This is why I say to you that what I
6   proposed to do is to give them a definition that says "peaks"
7   and "valleys."  I mean, you can come back and say you prefer
8   "peaks" and "troughs," but you know that nobody talks like that
9   anymore.  So, that would be fine, if that's what you all agree
10  to, but they're not going to know what that means, I don't
11  think.
12          So I just think "peaks" and "valleys" is something
13  they'll understand.  And then we can all work together on
14  writing up a proposed instruction Number 17B that we'll include
15  in the instructions that makes exactly the point that you're
16  describing, which is -- and maybe -- I don't want to go too far
17  along on this because it's not necessary for today's purposes.
18  I think this is something we really only need to go down if we
19  get to a jury, which maybe we won't ever have to do.  But
20  assuming that we do, maybe what we negotiate is, along two
21  axes.
22          One is, we're going to say generally speaking, there
23  are sometimes in these patents where "peak" means the zenith,
24  and sometimes when it means the full mountain.  And that should
25  be clear to you from the context.  And we leave it to them.

1   A "peak" can be Pikes Peak, the mountain, or it can be the
2   summit of Pikes Peak.  "I came to the peak" -- "I got to the
3   peak of Pikes Peak."  You agree with me that that's a perfectly
4   natural English usage.  So, while there may be a presumption
5   against having multiple aspects of a definition in different
6   parts of a claim, it's clear here.  I mean it -- we couldn't
7   take a Federal Circuit case as suggesting to us that we should
8   ignore the clear import of the words that are in the patent.
9   That would be absurd.  And the words in this patent are clear
10  as to what they mean.  There is no necessity for construing the
11  word "peak" as it appears in '188 or '800, because everybody
12  knows what it means in English.
13          Or, I mean, I don't like "trough."  I think that's,
14  you know, a little bit antiquated.  And I think "valley" is a
15  better word than "trough" because that's how we use those two
16  in common.
17          But, again, it's clear where the "valley" is the nadir
18  and it's clear where the "valley" is the entire descent.  And I
19  think what -- to the extent you're concerned about any
20  ambiguity or any concern about the jurors being confused, as
21  I've proposed to you, what I suggest is that we hammer out an
22  extra definition that we give to them that will say, at this
23  point, it's this; at this other point, it's the full mountain,
24  that kind of thing.  And I think that would, A, be perfectly
25  consistent with what the claims terms are; and, B, I think that