# SRAM EXHIBIT 4

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                          WEST PALM BEACH
                     CASE NO.  21-cv-80581-RKA


SRAM, LLC,

            Plaintiff,

     vs.
                                              January 20, 2023
PRINCETON CARBON WORKS, INC.,                 Miami, Florida
                                              Pages 1-34
            Defendant.
_____

         TRANSCRIPT OF RULING ON DEFENDANT'S RENEWED DAUBERT MOTION
                  BEFORE THE HONORABLE ROY K. ALTMAN
                    UNITED STATES DISTRICT JUDGE

APPEARANCES (VIA ZOOM)

FOR THE PLAINTIFF:   Richard B. Walsh, Jr., Esq.
                     Michael J. Hickey, Esq.
                     Edward T. Pivin, Esq.
                     Lewis Rice LLC
                     600 Washington Avenue
                     Suite 2500
                     St. Louis, MO 63101

FOR THE DEFENDANT:   Andrew H. DeVoogd, Esq.
                     Matthew S. Galica, Esq.
                     Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
                     One Financial Center
                     Boston, MA 02111

                     David Lanier Luck, Esq.
                     Lewis, Brisbois, Bisgaard & Smith
                     2 Alhambra Plaza
                     Suite 1110
                     Coral Gables, FL 33134

REPORTED BY:         DAWN M. SAVINO, R.P.R., C.R.R.
                     Official Federal Court Stenographer
                     400 N. Miami Avenue, 10S03
                     Miami, Florida  33128
                     Telephone:  305-523-5598
                     Dawn_Savino@flsd.uscourts.gov
```

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

3:45:41   1       "contrary to Princeton's assertions, there is substantial evidence in the
3:45:45   2       record that the patented undulating configuration drives demand, which
3:45:50   3       Mr. Perdue considered.  The fact that customers pay more for Zipp carbon
3:45:57   4       undulating wheels than for non-undulating carbon wheels that otherwise share
3:46:01   5       the same or substantially the same features, on average $806 more based on
3:46:05   6       the manufacturer's suggested retail price, evidences demand for the
3:46:09   7       undulating configuration."  That's the Response at Pages 4 to 5.
3:46:15   8              Of course, SRAM may be wrong about this, but it has pointed to
3:46:20   9       evidence in the record to substantiate its assertion at Pages 4 and 5 that
3:46:25   10      this is, as it claims, precisely the kind of case that fits into the EMV
3:46:30   11      exception, and it's not my place to invade the province of the jury by
3:46:34   12      making premature factual determinations on, for instance, whether customers
3:46:39   13      in fact pay more, as SRAM suggests, for the undulating configurations or, as
3:46:44   14      Princeton says, for something else, at this preliminary phase of the case.
3:46:50   15             In any event, as we've said, Mr. Perdue has apportioned his
3:46:56   16      royalty rate even though he hasn't apportioned his base, and this is an
3:47:01   17      acceptable methodology for now which, of course, Princeton will be free to
3:47:06   18      attack at trial.  See, for example, the response at Page 6 and Footnote 6
3:47:12   19      citing the Perdue Report at 21, which says "the entire wheel provides the
3:47:17   20      clearest and most obvious royalty base and does not require apportionment.
3:47:20   21      The ultimately selected rate will properly isolate the portion of the
3:47:23   22      realizable profit that should be credited to the invention which is
3:47:26   23      logically based on the entire wheel."
3:47:30   24             And apportioning the rate is sufficient.  Take, for example,
3:47:34   25      *Exmark Manufacturing Company v. Briggs & Stratton Power Products Group, LLC*

```
4:01:06   1      Panduit factors as Mr. Perdue does.  To show demand for the patented
4:01:09   2      product, Perdue points to:  One, the sales of SRAM and Princeton, and
4:01:16   3      specifically how "demand for the patented products increased sharply in 2020
4:01:23   4      and 2021"; Perdue Report at 29.  To establish the absence of acceptable,
4:01:26   5      non-infringing substitutes, Perdue explains that his research into the
4:01:31   6      market for carbon undulating wheels revealed only one other potential market
4:01:34   7      participant, Topcarbon Technology Company Limited, whose products,
4:01:38   8      Mr. Perdue says, only appear to be listed for sale on one website.  That's
4:01:43   9      his Report at 14.  And when Mr. Perdue searched for Topcarbon's products on
4:01:49  10      that website he received a "no matching results message"; that's also from
4:01:57  11      Page 14.  Then "to gain a broader sense of the market" Mr. Perdue says he
4:02:01  12      reviewed "at least five industry articles listing the best gravel and road
4:02:04  13      bike wheels on the market"; that's Page 15 of his report, and he summarizes
4:02:10  14      that "of the 111 total items covered in the above reviews, Zipp carbon
4:02:15  15      undulating wheels were cited three times, while other Zipp carbon wheel were
4:02:20  16      cited twice, Princeton was cited once, Topcarbon was not cited in any of
4:02:25  17      these lists."  That's Page 14.  Mr. Perdue also interviewed an employee at a
4:02:30  18      specialty bike shop who was "not aware" of any manufacturers providing
4:02:35  19      carbon undulating wheels aside from Zipp and Princeton, Page 14.  Perdue,
4:02:40  20      thus, concluded based on all this research that "Topcarbon is not a relevant
4:02:45  21      participant in the market for carbon undulating wheels, and that it seems
4:02:47  22      clear that SRAM and Princeton are the only two relevant suppliers in the
4:02:51  23      market for carbon undulating wheels"; also Page 14.
4:02:54  24              On the question of manufacturing and marketing capability, Perdue
4:02:59  25      says "SRAM's current manufacturing for carbon undulating wheels takes place
```

```
4:09:12   1    divide between the "high-performance bicycle wheel market" and the "carbon
4:09:18   2    undulating wheel segment of that market" because, among other things, carbon
4:09:26   3    undulating wheels cost, "an additional $806 per wheel, a 63% price premium"
4:09:32   4    over non-undulating carbon wheels.  That's Page 13 of his Report.  And
4:09:36   5    Princeton's own marketing materials, in fact, support Perdue's view that the
4:09:39   6    undulating wheel market is distinct from the general carbon wheel market,
4:09:48   7    since Princeton specifically advertises its "sinusoidal oscillations" and
4:09:53   8    the "structural benefits" of the spoke attachments at a "convex apex in the
4:09:59   9    oscillation" which Princeton itself claims results in a "more stable and
4:10:04  10    aerodynamically faster wheel."  That's the Report at Page 23 quoting
4:10:14  11    Princeton promotional material PCW Bates stamp 0000832-3.  To borrow the
4:10:18  12    Federal Circuit's language from Tate Access then, Mr. Perdue's report
4:10:22  13    adequately supports his view that "for any customer seeking specifically a
4:10:29  14    carbon undulating wheel, there are no non-infringing substitutes for the
4:10:33  15    claimed wheel."  That's Page 971 of Tate Access.
4:10:35  16           Of course, Princeton will have every opportunity to run
4:10:40  17    Mr. Perdue through the gauntlet at trial, but we won't exclude his opinions
4:10:44  18    on the basis that his market is, in Princeton's view, too narrowly
4:10:46  19    circumscribed.
4:10:46  20           We're almost there, folks.
4:10:57  21           Second, Princeton claims that the Perdue Report "ignores
4:11:01  22    non-infringing substitutes" namely "carbon fiber wheels with constant depth
4:11:07  23    rims, i.e. non-infringing alternatives"; that's Page 16 of the Motion.  But
4:11:12  24    we think SRAM's right for now that "at best, Princeton's assertion that
4:11:18  25    carbon undulating wheels are interchangeable with non-undulating wheels and
```

```
4:13:26   1    think is best left for a jury to resolve.
4:13:30   2             Third, Princeton insists that "even if the relevant market were
4:13:35   3    artificially narrowed to carbon undulating wheels, Mr. Perdue fails to
4:13:40   4    account for the other admitted competitors in that space"; that's the Motion
4:13:45   5    at 17.  The point, in Princeton's view, is that "even if Princeton did not
4:13:52   6    exist, SRAM would still have to compete against numerous other entities.  A
4:13:57   7    two-party market thus cannot exist"; that's the Motion at 17.
4:14:00   8             As for these minor players identified in the briefing:  The
4:14:06   9    Controltech Sirocco 3534 CL Disc Wheel and the Pearson HoopDriver Tooth &
4:14:13  10    Nail Carbon Disc Brake Wheel -- awesome names, by the way -- we appreciate
4:14:14  11    Princeton's skepticism about Mr. Perdue's "admitted failure to consider
4:14:19  12    them"; that's the Reply at Page 9.  And Princeton may well be right that
4:14:24  13    "had Mr. Perdue reasonably researched the market, he would have seen the
4:14:30  14    numerous competitors and could have analyzed them"; Reply at Page 9.  But
4:14:34  15    Mr. Perdue has an answer for this too.  As he explains "the lack of coverage
4:14:38  16    of minor sellers online and in the trade press supports the position that
4:14:44  17    they too would be deemed immaterial"; that's the Report at 32, Footnote 75.
4:14:49  18    Again, this view of the market may be totally wrong, but I'm not here to
4:14:54  19    make judgment calls about the facts, and in particular about what the market
4:14:58  20    does and doesn't look like here.  That's what cross-examination is for.
4:15:03  21             Fourth, according to Princeton "another key failing in
4:15:08  22    Mr. Perdue's opinion is its disregard for the fact that lost profits must be
4:15:15  23    tied to the intrinsic value of the patented feature"; that's the Motion at
4:15:18  24    19.  Mr. Perdue provides "zero analysis Princeton says, of whether it is the
4:15:22  25    allegedly patented technology, the undulating inner rim, specifically that
```