**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| SRAM, LLC, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 9:21-cv-80581 RKA |
| | ) |
| PRINCETON CARBON WORKS INC., | ) |
| | ) |
|       Defendant. | ) |

**PLAINTIFF SRAM, LLC'S MEMORANDUM IN OPPOSITION TO
DEFENDANT PRINCETON CARBON WORKS, INC.'S
EXPEDITED MOTION FOR PARTIAL RECONSIDERATION OF ITS MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT**

**I.      INTRODUCTION**

This Court is well aware that a motion for reconsideration is an extraordinary remedy to be employed sparingly and may only be granted when there is an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Here, Princeton neither claims that there was an intervening change in controlling law since the Court issued its order just over two weeks ago on January 17, nor asserts that there is new evidence that just emerged and was previously unavailable. Instead, Princeton contends that the Court committed "error" by purportedly not resolving legal issues of prosecution history estoppel and claim vitiation. Princeton is simply wrong as the Court considered these legal issues at length. Princeton's Motion should be denied.

As explained more fully below, the Court considered, and rejected, both Princeton's prosecution history estoppel and its vitiation positions in the Court's well-reasoned orders on both claim construction and summary judgment, after evaluating over a period more than seven months the parties' comprehensive claim construction and summary judgment briefs, statements of fact,

and voluminous exhibits. It is simply false to say that the Court did not resolve Princeton's assertion of prosecution history estoppel and claim vitiation.

Because Princeton has failed to demonstrate any error (let alone clear error or manifest injustice) justifying reversal of the Court's well-detailed summary judgment Order, this Court should deny Princeton's motion for reconsideration.

## II.  LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Doczy v. Verifone Sys., Inc.*, No. 16-62370-CIV-WPD, 2017 WL 5634934, at *2-3 (S.D. Fla. Oct. 24, 2017) (denying motion for reconsideration where motion simply reargued points presented in movant's original summary judgment and claim construction briefs); *see also Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-61225-CIV-MARRA, 2012 WL 12538555, at *1, *4 (S.D. Fla. Sept. 24, 2012) (denying motion for reconsideration where motion wrongly asserted that the court had failed to properly consider prosecution history issues). A party may not use a motion for reconsideration to "relitigate old matter, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Doczy,* 2017 WL 5634934, at *2; *see also Smith v. Ocwen Fin.*, 488 F.App'x. 426, 428 (11th Cir. 2012) (affirming denial of motion for reconsideration); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957-58 (11th Cir. 2009) (affirming denial of motion for reconsideration). This includes arguments that were available but not pressed. *Wilchombe*, 555 F.3d at 957. The party seeking reconsideration must present "strongly convincing" facts or law, none of which were presented by Princeton. *See Cobra Int'l*, 2012 WL 12538555, at *1; *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F.Supp.2d 1347, 1358, 1362 (S.D. Fla. 2004) (cited in Princeton's motion at p. 8 but denying motion for reconsideration).

A district court may only grant a motion for reconsideration when there is: (a) an intervening change in controlling law; (b) the availability of new evidence; or (c) the need to correct clear error or prevent manifest injustice. *See, e.g., Doczy*, 2017 WL 5634934, at *2; *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Cohen v. Burlington, Inc.*, No. 18-cv-81420-BLOOM/Reinhart, 2020 WL 3256863, at *5-6 (S.D. Fla. June 16, 2020) (denying motion for reconsideration where the facts and legal propositions that movant presented in its motion were "considered at length by the Court in issuing its ruling").

## III.   ARGUMENT

Princeton's citation of cases in its motion for reconsideration regarding prosecution history estoppel and claim vitiation is a mix of cases from its claim construction and summary judgment briefing as well as at least eight previously uncited Federal Circuit cases.[1] Nevertheless, whether

---

[1] Princeton had not previously cited, in claim construction or summary judgment, any of the following cases, all available at the time of claim construction and summary judgment briefing: *Augustine Med., Inc. v. Gaymar Indus.*, 181 F.3d 1291 (Fed. Cir. 1999); *Eagle Comtronics, Inc. v. Arrow Commc'n Labs Inc.*, 305 F.3d 1303, 1316 (Fed. Cir. 2002); *Eli Lilly v. Co. v. Hospira, Inc.*, 933 F.3d 1320, 1330 (Fed. Cir. 2019); *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1323, 1328 (Fed. Cir. 1999); *Mark I Mktg. Corp. v. R.R. Donnelley & Sons Co.*, 66 F.3d 285, 291 (Fed. Cir. 1995); *Nystrom v. Trex Co.*, 580 F.3d 1281, 1287 (Fed. Cir. 2009); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1376 (Fed. Cir. 1999); *Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1378 (Fed. Cir. 2005). A motion for reconsideration is not an avenue for a vehicle to cite cases available to the movant at the time of the original motion, but not cited in the original motion papers for whatever reason. *See, e.g.*, *Pena v. United States Coast Guard Seventh Dist.*, Civil Action No. 18-23188-Civ-Scola, 2019 WL 621059, at *1 (S.D. Fla. Nov. 21, 2019) (denying motion for reconsideration and noting that "a motion for reconsideration should be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made") (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Moreover, these cases just cite general principles already discussed in the motion papers of both parties, not new law.

3

previously cited or not, these cases simply recite the same general principles about prosecution history estoppel and claim vitiation that Princeton previously argued in the context of claim construction and then again in summary judgment. This Court thoroughly reviewed Princeton's legal arguments and rejected them. Generally, a Court's Order "is not a mere or iterative first draft 'subject to revision and reconsideration at a litigant's pleasure.'" *McDonough v. City of Homestead, Florida*, Case No. 1:21-cv-21538-KMM, 2022 WL 3374217, at *2 (S.D. Fla. July 11, 2022) (quoting *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003)).

      **A.**    **The Court Should Deny Princeton's Motion for Reconsideration Because the Court Properly Rejected Princeton's So-Called Evidence and Arguments About Prosecution History Estoppel and Claim Vitiation.**

Princeton's motion for reconsideration, filed just nine (9) days after the Court's January 17, 2023 Order (ECF No. 174) denying Princeton's motion for summary judgment of non-infringement, does not claim (nor could it) that there was an intervening change in the law or newly acquired and previously unavailable evidence that warranted a reconsideration of the Court's just-issued order. Instead, the sole basis for Princeton's motion appears to be a contention that the Court committed "clear error" (although, tellingly, Princeton never uses that phrase in its motion). Specifically, Princeton suggests that the Court's Order somehow misapprehended the law and "did not resolve the predicate legal issues of [Princeton's] prosecution-history-estoppel and claim-vitiation arguments" relating to the doctrine of equivalents. (*See* Princeton's Expedited Motion for Reconsideration (ECF No. 190), at pp. 2-3.) Princeton is wrong. This Court did not misapprehend the law or Princeton's argument – the Court found they were without merit.

In its January 17, 2023 Order, the Court accurately summarized Princeton's arguments on summary judgment relating to the doctrine of equivalents:

4

> *Second*, pointing to the doctrine of equivalents, Princeton says that its products don't infringe the '800 or '188 patents because, as Princeton sees things, "SRAM's 'close enough' infringement theory is precluded as a matter of settled Supreme Court and Federal Circuit precedent." [Princeton's MSJ] at 12. *Third*, as to the '188 patent specifically, Princeton insists that SRAM is precluded from relying on the only definition of "convex exterior profile" that (in Princeton's view) *might* have supported a claim of infringement by equivalence. *Id.* at 17, 19.

(*See* ECF No. 174, at p. 2 (emphasis in original).) After extensive discussion of Princeton's factual arguments regarding its purported non-infringement, the Court specifically addressed Princeton's legal assertions arguing that SRAM was somehow purportedly precluded from asserting the doctrine of equivalents (*i.e.*, Princeton's legal arguments about prosecution history estoppel and claim vitiation), succinctly stating that "we're unpersuaded by Princeton's claim that SRAM is 'impermissibly vitiat[ing] the meaning of the 'convex' and 'continuously varying' claim terms." (*See id.*, at p. 15.)

As SRAM pointed out in its summary judgment opposition, Princeton's summary judgment arguments on prosecution history estoppel and claim vitiation were retreads of arguments that Princeton had made, and this Court reject, during claim construction, as SRAM pointed out in its papers:

> The Court did not accept Princeton's repeated demands during claim construction, to rewrite the claims away from their plain meaning and to import structural limitations into the claims' plain language by misconstruing bits and pieces of prosecution history removed from the context of the claims themselves, the specifications, and the prosecution histories as a whole. ***Nevertheless, Princeton now tries to do the same thing again in its doctrine of equivalents motion, arguing for disclaimers of claim scope directly contrary to the intrinsic evidence. The Court has already ruled that such disclaimers did not occur.*** ECF No. 113 (May 12, 2022 Hearing Tr.), p. 18, line 2 – p. 19, line 17. Princeton's contrary arguments are merely a distraction from the real dispute: whether the asserted equivalents are insubstantially different from the claimed limitations.

(*See* SRAM's Opposition to Princeton's MSJ (ECF No. 117), at pp. 15-16) (emphasis added).

Princeton's claim construction briefs and *Markman* hearing arguments repeatedly asserted that: (1) the inventor had, during prosecution, disclaimed any meaning of "continuously varies" that permitted any bicycle rim portion (no matter how small) of unchanging radial distance; (2) the inventor had also disclaimed any meaning of "convex" that does not include any portion of constant thickness, constant radial distance, or concavity (no matter how small); and (3) the meanings proffered by SRAM would vitiate or render these claim elements meaningless.  For example, in its Opening Claim Construction Brief, Princeton argued that "continuously" in the '800 patent claims was "a paradigmatic example" disavowal. (*See* ECF No. 58, at p. 7 (internal quotations omitted); *see also id.* at p. 9.)  Princeton made similar prosecution history estoppel arguments with respect to the "convex" limitations. (*See id.* at p. 13 ("Thus, to obtain allowance of the claims, the patentee explicitly disclaimed from scope of the 'convex' claim terms any 'peaks' that have portions of constant thickness, constant radial distance, or concave profiles.").)

Princeton doubled down on these prosecution history estoppel and claim vitiation arguments in its Reply Claim Construction Brief, contending that its proposed constructions "precisely follow the way *the patentee* defined and limited the scope of the claims during prosecution. … The only 'crime' here is that SRAM tries to disregard that simple fact and impermissibly broaden that claim scope to capture products that are demonstrably outside the scope of the claims." (ECF No. 67, at p. 1 (emphasis in original).)  Princeton's legal arguments are repeated throughout its Reply, suggesting Federal Circuit and Supreme Court precedent and contending that SRAM's proposed claim constructions render the claims and prosecution history meaningless. (*See id.* at p. 2 ("The central dispute here distills to the simple question:  can SRAM violate over a century of established patent law by recapturing claim scope the patentee intentionally forfeited during prosecution?"); *id.* at p. 8 (the "continuously varies" amendment and

6

"accompanying applicant argument is a clear-cut and binding disclaimer of claim scope for all the reasons set forth in [Princeton's] opening brief"); *id.* at p. 9 ("… the patentee was forced to amend and distinguish his use of the 'convex' terms over prior art in numerous office actions throughout prosecution. This alone suggests that the 'convex' terms did not have a readily ascertainable meaning in the Patent Examiner's eyes. SRAM cannot escape the effect that these prosecution disclaimers have on the scope of the 'convex' terms."); *id.* ("…Princeton's constructions adhere to the patentee's own words when distinguishing the 'convex' terms from prior art during prosecution, which includes that they *cannot* include a concave profile, constant thickness, or constant radial distance.") (emphasis in original); *id.* at p. 10 ("SRAM cannot escape these explicit disclaimers, which legally narrow the scope of the 'convex' terms.").)

Princeton continued to repeat its arguments of prosecution history estoppel and claim vitiation at the *Markman* hearing, contending that "[i]t appears that SRAM is attempting to broaden the scope of 'continuously varied' to include small portions of unchanging radial distance" and that Princeton's proposed construction of "convex" was allegedly based on what Princeton's counsel described as "the heartland of prosecution history disclaimer and estoppel." (*See* ECF No. 90 (April 20, 2022 Hearing Tr.), at p. 32:15-18; *id.*, p. 60:20-23; *see also id.* at p. 30:18-24 ("The purpose of our proposed construction [for 'continuously varies'] is to seek precision and clarity as to what falls within the scope of the claims as negotiated by the patent owner and patent applicant with the Patent Office. And what we believe occurred during the prosecution history with respect to the Mercat reference was a clear and unmistakable disclaimer of claims by both argument as well as amendment.").)

As SRAM noted in its Opening Claim Construction Brief (ECF No. 57, at 2), this Court fully understands the legal principles of claim construction and set them forth in *Edge Systems*

*LLC v. Venus Concept USA Inc*,, 2019 WL 3936379, Case No. 18-62588-CIVALTMAN (S.D. Fla. Aug. 20, 2019). The construction of claims is simply a way "to understand and explain, but not change, the scope of the claims. *Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1382 (Fed. Cir. 2005) (internal quotations omitted). "The purpose of claim construction is to give claim terms the meaning understood by a person of ordinary skill in the art at the time of invention." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1358 (Fed. Cir. 2017); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc). With respect to prosecution history specifically, courts may consider a patent's file history, which "consists of the complete record of the proceedings before the [USPTO] and includes the prior art cited during the examination of the patent." *Phillips*, 415 F.3d at 1317. "Yet ***because the prosecution history represents an ongoing negotiation between the PTO and the applicant, rather than the final product of that negotiation, it often lacks the clarity of the specification and thus is less useful for claim construction purposes***." *Id.* (emphasis added). In short, it is "unjust to the public, as well as an evasion of the law," to construe the Patent claims "in a manner different from the plain import of its terms." *White v. Dunbar*, 119 U.S. 47, 51-52 (1886).

There can be no credible doubt that the Court considered Princeton's oft-repeated arguments, which it reiterates in this Motion. The Court did not "misapprehend" these arguments as Princeton now contends. Rather, the Court thoroughly considered and expressly rejected Princeton's prosecution history estoppel and claim vitiation arguments during the claim construction process, and again in summary judgment. As pointed out by SRAM (ECF No. 69, at 3) and repeatedly reaffirmed by the Federal Circuit, the plain meaning of claim terms can only be set aside in limited instances where the inventor self-defines a term (lexicography) or disavows the term's meaning, under "exacting" standards with clear, unequivocal expressions of intent to

8

redefine or disavow. *See Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014); *Poly–America, L.P. v. API Indus., Inc.*, 839 F.3d 1131, 1136 (Fed. Cir. 2016).

For example, the Court found that "SRAM's interpretation [of 'convex' as a 'rounded or curved form bulging towards the wheel's center'] sufficiently distinguishes the Mercat patent without building in Princeton's hyper-technical interpretation that 'convex' means no 'portion of constant thickness or constant radial distance.'" (*See* ECF No. 113 (May 12, 2022 Status Hearing Tr.), at p. 18:2-10.) Indeed, the Court expressly rejected that the inventor had disclaimed the scope of "convex" in the manner Princeton asserted, pointing out what is beyond cavil: Federal Circuit case law requires "clear and unequivocal evidence that the claimed invention includes or does not include a particular feature." (*See id.* at p. 18:18-19 (quoting *Poly–America*, 839 F.3d at 1136.) The Court's ruling on Princeton's arguments on claim scope disclaimer could not be more clear (and was not a misapprehension of the law or Princeton's arguments):

> I think SRAM's construction builds in this distinction between Mercat and '188. How does it do so? Well, because SRAM's construction of "convex" is a "rounded or curved form bulging towards the wheel's center." Mercat's peaks are not rounded or curved -- they start by curving, but then obviously plateau. In short, I think SRAM's interpretation sufficiently distinguishes the Mercat patent without building in Princeton's hyper-technical interpretation that "convex" means no "portion of constant thickness or constant radial distance."
>
> I'll also note that in order to constitute a disclaimer, the disclaimer must be clear and unequivocal, according to the case law that I quoted earlier from the Federal Circuit. And let me find the exact quote.
>
> "A party can disavow the plain meaning of a claim term during prosecution. Disavow can be effectuated by the prosecution history, but the standard for disavow is exacting, requiring clear and unequivocal evidence that the claimed invention includes or does not include a particular feature." That's from the Poly-America case, 839 F.3d at page 1136.
>
> ***In this case, it's not clear and unequivocal that the added language is necessary to distinguish the Mercat patent, because, as I've just explained, there's a different way, an easier and more commonsense way of distinguishing***

9

> *the Mercat patent, which is precisely what's built in to SRAM's proposed construction.*
>
> ***
>
> For all these reasons, we rule in favor of SRAM's proposed constructions, which, again, means that "convex exterior profile" and "convex profile" would mean "profile view having a rounded or curved form bulging towards the wheel center," and that "convex region" will mean "areas having a rounded or curved form bulging towards the wheel's center."

(*See id.*, at p. 18:2-19:17) (emphasis added).

Likewise, with respect to the phrase "continuously varies," the Court determined that this had a plain meaning not disclaimed by the prosecution history and could be simply restated as "continuously changes," as opposed to adopting Princeton's original proposed strained construction ("is not the same for any two abutting points on the radially inner edge") which the Court found "imports limitations that aren't necessary both to the construction and to what the claims meant at the time of the prosecution" and which "is indecipherable in salient ways." (*See* ECF No. 90 (April 20, 2022 Hearing Tr.), p. 29:4-7; *see also* ECF No. 67, at p. iv.)  Indeed, Princeton ultimately agreed with the Court and abandoned its original narrowing construction and stipulated to the Court's plain meaning construction.  (*See* Joint Stipulation Regarding Claim Construction (ECF No. 93), at p. 1.)

Because the Court had already found that the claim limitations "continuously varies" and "convex" had plain meanings ***not*** redefined through prosecution history estoppel, the Court had no need to restate its discussion and findings in disposing of Princeton's repeats of those same arguments at summary judgment.  Rather, having already made those findings, as the Court simply stated its ultimate conclusion: "we're unpersuaded by Princeton's claim that SRAM is 'impermissibly vitiat[ing] the meaning of the 'convex' and 'continuously varying' claim terms." (*See* ECF No. 174, at p. 15.)

10

The Court fully considered Princeton's legal assertions of prosecution history estoppel and claim vitiation relating to the doctrine of equivalents and rejected them. There was no error in the Court's decision in this regard, let alone clear error. Accordingly, this Court should deny Princeton's motion for reconsideration.

## IV.   CONCLUSION

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." *Doczy*, 2017 WL 5634934, at *2. Here, there was no intervening change of law, newly available evidence, or clear error justifying reconsideration. The Court thoroughly evaluated Princeton's so-called evidence and arguments about prosecution history estoppel and claim vitiation and rejected them. Because the Court did not clearly err in denying Princeton's motion for summary judgment of non-infringement, the Court should deny Princeton's motion for reconsideration.

Dated: February 2, 2023                                      Respectfully submitted,

**SHUTTS & BOWEN LLP**                                  **LEWIS RICE LLC**
By:   /s/ Eric Christu
     Eric Christu                                           By:   /s/ Richard B. Walsh, Jr.
525 Okeechobee Boulevard, Suite 1100               Richard B. Walsh, Jr., admitted *pro hac vice*
West Palm Beach, FL  33401                                 Michael J. Hickey, admitted *pro hac vice*
Telephone:  (561) 650-8556                                   Edward T. Pivin, admitted *pro hac vice*
Facsimile:  (561) 671-5900                               600 Washington Ave., Suite 2500
                                                                        St. Louis, Missouri  63101
                                                                        Telephone:  (314) 444-7600
                                                                        Facsimile:  (314) 241-6056
                                                                        *Attorneys for Plaintiff SRAM, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and parties identified on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

By: /s/ Eric C. Christu
COUNSEL


David S. Brafman, Esq.
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Email: david.brafman@akerman.com
*Attorneys for Defendant Princeton Carbon Works Inc.*

Todd R. Ehrenreich, Esq.
David L. Luck, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
2 Alhambra Plaza, Suite 1110
Coral Gables, FL 33134
Telephone: (786) 725-3249
Email: todd.ehrenreich@lewisbrisbois.com
Email: david.luck@lewisbrisbois.com
*Attorneys for Defendant Princeton Carbon Works Inc.*

James M. Wodarski,Esq.*
Andre H. DeVoogd, Esq.*
Matthew S. Galica, Esq.*
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center, Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Email: JWodarski@mintz.com
Email: AHDeVoogd@mintz.com
Email: MSGalica@mintz.com
*\* admitted Pro Hac Vice*
*Attorneys for Defendant Princeton Carbon Works Inc.*