UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80581-CIV-ALTMAN/Reinhart

**SRAM, LLC,**

   *Plaintiff*,

v.

**PRINCETON CARBON WORKS, INC.,**

   *Defendant*.
_____/

## OMNIBUS ORDER

In this Order, we resolve the parties' motions in limine. *See* SRAM's Motion in Limine [ECF No. 184]; PCW's Motion in Limine [ECF No. 186].[1] On February 7, 2023, we held a calendar call, during which we ruled on both motions. *See* Paperless Minute Entry [ECF No. 206]. For the reasons stated on the record at the calendar call, we hereby **ORDER and ADJUDGE** as follows:

1. SRAM's Motion in Limine [ECF No. 184] is **GRANTED in part and DENIED in part** as follows:

    Motion No. 1: The parties have agreed that they won't refer to PCW as "David" or SRAM as "Goliath," so that portion of SRAM's Motion No. 1 is **GRANTED** without opposition. SRAM's Motion No. 1 is also **GRANTED** to the extent that PCW may not introduce evidence of the parties' relative sizes to prove or disprove PCW's state of mind. SRAM's Motion No. 1 is **DENIED** to the extent that PCW may use the relative sizes of the parties to impugn SRAM's motivations for pursuing this litigation.

---

[1] The parties responded to each other's motions. *See* SRAM's Response to PCW's Motion in Limine [ECF No. 199]; PCW's Response to SRAM's Motion in Limine [ECF No. 197].

> Motion No. 2: SRAM's Motion No. 2 is **DENIED** to the extent that PCW may elicit the subsidiary facts relevant to SRAM's Article III standing and **GRANTED** to the extent that PCW may *not* (1) elicit facts it hasn't disclosed in discovery or (2) reverse course on positions it has taken in the pretrial stipulation. PCW may not present argument to the jury on the legal question of SRAM's standing. And PCW may not suggest to the jury that SRAM's status as an exclusive licensee (or the fact that it didn't invent the wheels or own them) precludes it from bringing this lawsuit.

2. PCW's Motion in Limine [ECF No. 186] is **GRANTED in part and DENIED in part** as follows:

   Motion No. 1: PCW's Motion No. 1 is **DENIED**.

   Motion No. 2: As it relates to Dr. Howle testifying about claim construction or claim interpretation, PCW's Motion No. 2 is **DENIED**. As it relates to Dr. Howle testifying about radial measurements, PCW's Motion No. 2 is **GRANTED** without opposition. As far as Dr. Howle's doctrine-of-equivalents opinion, PCW's Motion No. 2 is **DENIED**. As to Dr. Howle's Declaration [ECF No. 199-1], PCW's Motion No. 2 is **GRANTED**, *except* that to the extent Dr. Howle's Declaration rebutted PCW's characterizations of his previously disclosed opinions, both parties will be permitted to explore those characterizations (and Dr. Howle's rebuttals) on direct- and cross-examination. Finally, PCW's Motion No. 2 is **DENIED** as it relates to Mr. Perdue's apportionment analysis and opinions on non-infringing alternatives.

   Motion No. 3: PCW's Motion No. 3 is **GRANTED** to the extent that SRAM may not introduce a new (previously undisclosed) damages model at trial. PCW's Motion No. 3 is **DENIED** to the extent that SRAM may introduce its

profits-per-wheel analysis (as disclosed in Exhibit 11R of the Perdue Report), and the jury will be free to use that number, in addition to SRAM's total calculation of lost profits based on *all* sales, as it sees fit.

Motion No. 4: PCW's Motion No. 4 is **DENIED**.

Motion No. 5: PCW's Motion No. 5 is **GRANTED**.

Motion No. 6: PCW's Motion No. 6 is **DENIED**.

Motion No. 7: PCW's Motion No. 7 is **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on February 8, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record