**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| SRAM, LLC, <br><br>          Plaintiff, <br><br> v. <br><br> PRINCETON CARBON WORKS INC., <br><br>          Defendant. | Case No. 9:21-cv-80581 RKA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT PCW'S AMENDED REQUESTED VERDICT FORM**

Pursuant to Fed. R. Civ. P. 49 and 51, and S.D. L.R. 16.1(k), Defendant, Princeton Carbon Works, Inc. ("PCW"), respectfully submits this Amended Requested Verdict Form. PCW proposes an amended verdict form, *inter alia*, in light of this Court's reconsideration ruling at [DE 205], and the fact that this alleged patent-infringement action involves three separate, distinct models of accused PCW bicycle wheels—for example, each of these models has differing amounts of constant radial distance in its respective accused "valley," within the meaning of the asserted claims as construed by the Court. Specifically: (a) **the WAKE 6560** has 2 mm of constant radial distance per valley; (b) **the PEAK 4550** has 4 mm of constant radial distance per valley; and (c) **the GRIT 4540** has 6 mm of constant radial distance per valley.

This level of verdict-form specificity is necessary, for example, to avoid a "two-issue rule" problem on PCW's forthcoming motions for judgment as a matter of law under Fed. R. Civ. P. 50. *See, e.g.*, *Maiz v. Virani*, 253 F.3d 641, 672 (11th Cir. 2001) ("The need to discredit one as opposed to all of the claims depends on the <u>type of verdict rendered</u> and the motion made, *i.e.*, whether Appellant is seeking JNOV [*i.e.*, JMOL] or a new trial…. With respect to each cause of action, the

jury's verdict was a general verdict [as opposed to a verdict supported by special interrogatories on each basis/theory of liability]. Because the jury returned a general verdict, to be entitled to JNOV[/JMOL] on either [of the plaintiff's claims], [the defendant, which declined to request a verdict form with specific interrogatories,] must show that [the plaintiff] failed to make out a case under both [of plaintiff's theories]. Thus, with regard to the JNOV[JMOL] motion, the 'two-issue' rule applies." (emphasis supplied) (citing, *e.g.*, *King v. Ford Motor Co.*, 597 F.2d 436, 439 (5th Cir. 1979); quoting *Richards v. Michelin Tire Corp.*, 21 F.3d 1048, 1052-56 (11th Cir. 1994))); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 U.S. Dist. LEXIS 17596, at *69-70 (N.D. Cal. Feb. 10, 2016) ("the Court intends to adopt a jury verdict form requiring the jury to quantify damages on a **per product** per patent basis" (emphasis supplied)).

By proposing this verdict form, PCW does not waive any objections or arguments previously made regarding the claims asserted in this action. Further, by providing this proposed verdict form, PCW does not agree that any of Plaintiff's claims presented here is properly before the jury. PCW respectfully reserves its right to provide the Court with additional or revised instructions and verdict forms based on the rulings to be made and the evidence to be presented.

Dated: February 9, 2023              Respectfully submitted,

*/s/ David L. Luck*
Todd R. Ehrenreich
FBN 945900
David L. Luck
FBN 041379
Todd.Ehrenreich@lewisbrisbois.com
David.Luck@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2 Alhambra Plaza, Suite 1110
Coral Gables, FL 33134
Tel.: (786) 353-0210
Fax: (786) 513-2249


James M. Wodarski (admitted *pro hac vice*)
Andrew H. DeVoogd (admitted *pro hac vice*)
Matthew S. Galica (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
JWodarski@mintz.com
AHDeVoogd@mintz.com
MSGalica@mintz.com

*Counsel for Defendant Princeton Carbon Works Inc.*


## CERTIFICATE OF SERVICE

I CERTIFY that on February 9, 2023, a true and correct copy of the foregoing was e-filed using the court's CM/ECF system, which will serve notifications on all counsel of record.

By: */s/ David L. Luck*
     David L. Luck
     FBN 041379

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| SRAM, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>PRINCETON CARBON WORKS INC.,<br><br>              Defendant. | Case No. 9:21-cv-80581 RKA<br><br>**JURY TRIAL DEMANDED** |

## VERDICT FORM

We, the jury, unanimously answer the following questions and return them under the Court's instructions as our verdict in this case.

    I.      **INFRINGEMENT**

    A.      Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**800 patent** for the **PCW "WAKE 6560" model wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |

| | |
|---|---|
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

B.  Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**800 patent** for the **PCW "PEAK 4550" model wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |

| | |
|---|---|
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |

C. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**800 patent** for the "**GRIT 4540 model wheel**"? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |

| | |
|---|---|
| '800 patent, claim 21 | |

D. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**188 patent** for the **PCW "WAKE 6560" model wheel**? Write "Yes" or "No" for each Asserted Claim.

| **Asserted Claim** | **"Yes" or "No"** |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

E.	Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**188 patent** for the **PCW "PEAK 4550" model wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

F.	Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**188 patent** for the "**GRIT 4540**" **model wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |

| | |
|---|---|
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

*If your answer is "Yes" to any of the above questions, please proceed to the next questions in Section II of this Verdict Form. If your answer is "No" to all of the above questions, then this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

**II.    WILLFULNESS**

A.    Do you find from a preponderance of the evidence that Princeton Carbon Works Inc.'s infringement, if any, of the '**800 patent** was willful?

Yes _____    No _____

B.    Do you find from a preponderance of the evidence that Princeton Carbon Works Inc.'s infringement, if any, of the '**188 patent** was willful?

Yes _____    No _____

*Please continue to the next questions in Section III of this Verdict Form.*

### III.   INVALIDITY

#### A. Anticipation

Do you find from clear and convincing evidence that any of the below-listed claims of the '**800 patent** is invalid as being anticipated by prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

Do you find from clear and convincing evidence that any of the below-listed claims of the '**188 patent** is invalid as being anticipated by prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

### B. <u>Obviousness</u>

Do you find from clear and convincing evidence that any of the below-listed claims of the **'800 patent** is invalid as obvious in view of the prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

Do you find from clear and convincing evidence that any of the below-listed claims of the '**188 patent** is invalid as obvious in view of the prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works, Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
| --- | --- |
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

*If your answer is "No" to any of the above questions, proceed to Section IV of this Verdict Form. If your answer is "Yes" to all of the above questions, then this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

## IV. DAMAGES

*If you find that Princeton Carbon Works Inc. infringed any one or more of the claims of the '800 patent or the '188 patent by writing "Yes" for any of the Asserted Claims in response to the questions in Section I of this form, and if you find that the claim or claims Princeton Carbon Works Inc. infringed are not invalid by writing "No" for that Asserted Claim, or those Asserted Claims, in response to the questions in Section III of this form, then please answer the following Section IV questions.*

A. Do you find that SRAM, LLC is entitled to recover damages for lost profits on all or a portion of the sales of bicycle wheels made by Princeton Carbon Works, Inc.?

      Yes _____     No _____

B. If your answer to A is "Yes," then please write the amount of lost profits that SRAM, LLC has proven regarding any infringement of the '800 patent or the '188 patent by Princeton Carbon Works, Inc.:

$_____

C. If your answer to A is "Yes," then please also state the number of wheels for which you awarded lost profits:

_____ wheels

D. If your answer to A is "No," or if your answer to A is "Yes" but you found that SRAM, LLC is entitled to recover lost profits on only a portion of the sales of bicycle wheels made by Princeton Carbon Works, Inc., then as to those sales for which you find that SRAM, LLC is not entitled to lost profits, please write below the amount that you find would be a reasonable royalty for Princeton Carbon Works Inc.'s infringement:

$_____

    E.    If you awarded royalty damages regarding D, then, please state the reasonable per-wheel royalty rate that you applied and the number of wheels for which you awarded royalty damages:

$\$$_____/per wheel

_____ wheels

*This ends your deliberations, and your foreperson should sign and date this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

SO SAY WE ALL.

Date:_____    Foreperson's Printed Name:  _____

                                        Foreperson's Signature:      _____

**Authorities:** Verdict Form B—Special Verdict Form, Appendices—Model Verdict Forms, The National Jury Instruction Project's Model Patent Jury Instructions (June 17, 2009) (modified to reflect the claims at issue in this civil action and to provide specificity as to wheel model and damages categories/calculations).

**Glossary**

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given. The definitions in the instructions must be followed and must control your deliberations.

**Abstract**: A brief summary of the technical disclosure in a patent to enable the U.S. Patent and Trademark Office and the public to determine quickly the nature and gist of the technical disclosure in the patent.

**Amendment**: A patent applicant's change to one or more claims or to the specification either in response to an office action taken by an Examiner or independently by the patent applicant during the patent application examination process.

**Application**: The initial papers filed by the applicant in the United States Patent and Trademark Office.

**Assignment**: A transfer of patent rights to another called an "assignee" who, upon transfer, becomes the owner of the rights assigned.

**Claim**: Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph. In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e., similar to a landowner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed. Claims may be independent or dependent. An independent claim stands alone. A dependent claim does not stand alone and refers to one or more other claims. A dependent claim incorporates whatever the other referenced claim or claims say.

**Design Patent**: The invention of any new, original, and ornamental design for an article of manufacture may obtain a design patent. In general terms, a "utility patent" protects the way an article is used and works, while a "design patent" protects the way an article looks. The ornamental appearance for an article includes its shape/configuration or surface ornamentation applied to the article, or both. The ornamental design protected by a design patent does not have functional characteristics.

**Drawings**: The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

**Elements**: The required parts of a device or the required steps of a method. A device or method infringes a patent if it contains each and every requirement of a patent claim.

**Embodiment**: A product or method that contains the claimed invention.

**Examination**: Procedure before the U.S. Patent and Trademark Office whereby an Examiner reviews the filed patent application to determine if the claimed invention is patentable.

**Filing Date**: Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

**License**: Permission to use the patented invention(s), which may be granted by a patent owner (or a prior licensee) in exchange for a fee called a "royalty" or other compensation.

**Limitation**: A required part of an invention set forth in a patent claim. A limitation is a requirement of the invention. The word "limitation" is often used interchangeably with the word "requirement."

**Office Action**: A written communication from the Examiner to the patent applicant in the course of the application examination process.

**Ordinary skill in the art**: The level of experience, education, or training generally possessed by those individuals who work in the area of the invention at the time of the invention.

**Patent**: A patent is an exclusive right granted by the U.S. Patent and Trademark Office to an inventor to prevent others from making, using, or selling an invention for a term of 20 years from the date the patent application was filed. Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent. One type of patent is a "utility" patent, which protects the way an article is used and works. When the patent expires, the right to make, use, or sell the invention is dedicated to the public. The patent has three parts, which are a specification, drawings and claims. The patent is granted after examination by the U.S. Patent and Trademark Office of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

**Patent and Trademark Office (PTO)**: An administrative branch of the U.S. Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks. It is responsible for examining all patent applications and issuing all patents in the United States.

**Prior art**: Knowledge that is available to the interested public either prior to the invention by the applicant or more than one year prior to the filing date of the application.

**Prosecution History**: The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent. The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.

**Reads On**: A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the device or method.

**References**: Any item of prior art used to determine patentability.

**Requirement**: A required part or step of an invention set forth in a patent claim. The word "requirement" is often used interchangeably with the word "limitation."

**Specification**: The information that appears in the patent and concludes with one or more claims. The specification includes the written text, the claims, and the drawings. In the specification, the inventor describes the invention, how it works, and how to make and use it.

**Authorities**: Instruction No. B.5.10, Date of Commencement of Damages—Products, The Federal Circuit Bar Association, Model Patent Jury Instructions (May 2020); Instruction No. 10.3, Doubts Resolved Against Infringer, AIPLA's Model Patent Jury Instructions (2019).