UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-80581-RKA

SRAM, LLC V. PRINCETON CARBON WORKS INC.

# JURY QUESTIONS AND/OR NOTES TO THE COURT

PLEASE NOTE: DO **NOT** SHOW YOUR NUMERICAL DIVISION
PLEASE RETAIN THIS FORM WITH THE EXHIBITS

FOREPERSON'S SIGNATURE

FOREPERSON'S NAME PRINTED: _

DATE: 2-24-23   TIME: 2:31 PM

COURT'S ANSWER:

① No infringement patent 800
② No infringement patent 188
③ No damages due to no infringement

SIGNED: _____ DATE: _____ TIME: _____
JUDGE ROY K. ALTMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SRAM, LLC,

        Plaintiff,

v.

PRINCETON CARBON WORKS INC.,

        Defendant.

Case No. 9:21-cv-80581 RKA

## VERDICT FORM

We, the jury, unanimously answer the following questions and return them under the Court's instructions as our verdict in this case.

### I. INFRINGEMENT

A. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the **'800 patent** for the **WAKE 6560 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 22 | |

B.     Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**800 patent** for the **PEAK 4550 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

C. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the **'800 patent** for the **GRIT 4540 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |

| | |
|---|---|
| '800 patent, claim 22 | |

D.	Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the **'188 patent** for the **PCW WAKE 6560 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

E.  Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**188 patent** for the **PCW PEAK 4550 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

F.  Do you find from a preponderance of the evidence that Princeton Carbon Works Inc. infringed any of the below-listed claims of the '**188 patent** for the **PCW GRIT 4540 bicycle wheel**? Write "Yes" or "No" for each Asserted Claim.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |

| | |
|---|---|
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

*If your answer is "Yes" to any of the above questions, please proceed to the next questions in Section II of this Verdict Form. If your answer is "No" to all of the above questions, then this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

II. **WILLFULNESS**

A. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc.'s infringement, if any, of the **'800 patent** before or after this lawsuit was willful?

Yes \_\_\_\_\_   No _____

B. Do you find from a preponderance of the evidence that Princeton Carbon Works Inc.'s infringement, if any, of the **'188 patent** after this lawsuit was willful?

Yes \_\_\_\_\_   No _____

*Please continue to the next questions in Section III of this Verdict Form.*

## III.  INVALIDITY

### A. Anticipation

Do you find from clear and convincing evidence that any of the below-listed claims of the **'800 patent** is invalid as being anticipated by prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
| --- | --- |
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

Do you find from clear and convincing evidence that any of the below-listed claims of the **'188 patent** is invalid as being anticipated by prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
|---|---|
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

## B. <u>Obviousness</u>

Do you find from clear and convincing evidence that any of the below-listed claims of the **'800 patent** is invalid as obvious in view of the prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
| --- | --- |
| '800 patent, claim 1 | |
| '800 patent, claim 2 | |
| '800 patent, claim 3 | |
| '800 patent, claim 4 | |
| '800 patent, claim 5 | |
| '800 patent, claim 6 | |
| '800 patent, claim 9 | |
| '800 patent, claim 12 | |
| '800 patent, claim 14 | |
| '800 patent, claim 15 | |
| '800 patent, claim 16 | |
| '800 patent, claim 17 | |
| '800 patent, claim 18 | |
| '800 patent, claim 19 | |
| '800 patent, claim 21 | |
| '800 patent, claim 22 | |

Do you find from clear and convincing evidence that any of the below-listed claims of the **'188 patent** is invalid as obvious in view of the prior art? Write "Yes" or "No" for each Asserted Claim. Writing "Yes" indicates a finding for Princeton Carbon Works, Inc. Writing "No" indicates a finding for SRAM, LLC.

| Asserted Claim | "Yes" or "No" |
| --- | --- |
| '188 patent, claim 1 | |
| '188 patent, claim 2 | |
| '188 patent, claim 3 | |
| '188 patent, claim 4 | |
| '188 patent, claim 5 | |
| '188 patent, claim 6 | |
| '188 patent, claim 7 | |
| '188 patent, claim 8 | |
| '188 patent, claim 10 | |
| '188 patent, claim 11 | |
| '188 patent, claim 12 | |
| '188 patent, claim 13 | |

*If your answer is "No" to any of the above questions, proceed to Section IV of this Verdict Form. If your answer is "Yes" to all of the above questions, then this ends your deliberations, and your foreperson should sign and date the last page of this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

## IV. **DAMAGES**

*If you find that Princeton Carbon Works Inc. infringed any one or more of the claims of the '800 patent or the '188 patent by writing "Yes" for any of the Asserted Claims in response to the questions in Section I of this form, and if you find that the claim or claims Princeton Carbon Works Inc. infringed are not invalid by writing "No" for that Asserted Claim, or those Asserted Claims, in response to the questions in Section III of this form, then please answer the following Section IV questions.*

A. Do you find that SRAM, LLC is entitled to recover damages for lost profits on all or a portion of the sales of bicycle wheels made by Princeton Carbon Works, Inc.?

Yes \_\_\_\_\_          No _____

B. If your answer to A is "Yes," then please write the amount of lost profits that SRAM, LLC has proven regarding any infringement of the '800 patent or the '188 patent by Princeton Carbon Works, Inc.:

$_____

C. If your answer to A is "No," or if your answer is "Yes" but you found that SRAM, LLC is entitled to recover lost profits on only a portion of the sales of bicycle wheels made by Princeton Carbon Works, Inc., then please write below the amount that you find would be a reasonable royalty for Princeton Carbon Works Inc.'s infringement:

$_____

*This ends your deliberations, and your foreperson should sign and date this Verdict Form and return it to the Court through the appropriate courtroom personnel.*

SO SAY WE ALL.

Date:_____    Foreperson's Printed Name:    _____

Foreperson's Signature:    _____

## Glossary

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given. The definitions in the instructions must be followed and must control your deliberations.

**Abstract**: A brief summary of the technical disclosure in a patent to enable the U.S. Patent and Trademark Office and the public to determine quickly the nature and gist of the technical disclosure in the patent.

**Amendment**: A patent applicant's change to one or more claims or to the specification either in response to an office action taken by an Examiner or independently by the patent applicant during the patent application examination process.

**Application**: The initial papers filed by the applicant in the United States Patent and Trademark Office.

**Assignment**: A transfer of patent rights to another called an "assignee" who, upon transfer, becomes the owner of the rights assigned.

**Claim**: Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph. In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e., similar to a landowner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed. Claims may be independent or dependent. An independent claim stands

alone. A dependent claim does not stand alone and refers to one or more other claims. A dependent claim incorporates whatever the other referenced claim or claims say.

**Design Patent**: The invention of any new, original, and ornamental design for an article of manufacture may obtain a design patent. In general terms, a "utility patent" protects the way an article is used and works, while a "design patent" protects the way an article looks. The ornamental appearance for an article includes its shape/configuration or surface ornamentation applied to the article, or both. The ornamental design protected by a design patent does not have functional characteristics.

**Drawings**: The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

**Elements**: The required parts of a device or the required steps of a method. A device or method infringes a patent if it contains each and every requirement of a patent claim.

**Embodiment**: A product or method that contains the claimed invention.

**Examination**: Procedure before the U.S. Patent and Trademark Office whereby an Examiner reviews the filed patent application to determine if the claimed invention is patentable.

**Filing Date**: Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

**License**: Permission to use the patented invention(s), which may be granted by a patent owner (or a prior licensee) in exchange for a fee called a "royalty" or other compensation.

**Limitation**: A required part of an invention set forth in a patent claim. A limitation is a requirement of the invention. The word "limitation" is often used interchangeably with the word "requirement."

**Office Action**: A written communication from the Examiner to the patent applicant in the course of the application examination process.

**Ordinary skill in the art**: The level of experience, education, or training generally possessed by those individuals who work in the area of the invention at the time of the invention.

**Patent**: A patent is an exclusive right granted by the U.S. Patent and Trademark Office to an inventor to prevent others from making, using, or selling an invention for a term of 20 years from the date the patent application was filed. Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent. One type of patent is a "utility" patent, which protects the way an article is used and works. When the patent expires, the right to make, use, or sell the invention is dedicated to the public. The patent has three parts, which are a specification, drawings and claims. The patent is granted after examination by the U.S. Patent and Trademark Office of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

**Patent and Trademark Office (PTO)**: An administrative branch of the U.S. Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks. It is responsible for examining all patent applications and issuing all patents in the United States.

**Prior art**: Knowledge that is available to the interested public either prior to the invention by the applicant or more than one year prior to the filing date of the application.

**Prosecution History**: The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent. The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.

**Reads On**: A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the device or method.

**References**: Any item of prior art used to determine patentability.

**Requirement**: A required part or step of an invention set forth in a patent claim. The word "requirement" is often used interchangeably with the word "limitation."

**Specification**: The information that appears in the patent and concludes with one or more claims. The specification includes the written text, the claims, and the drawings. In the specification, the inventor describes the invention, how it works, and how to make and use it.