# EXHIBIT 3 to HICKEY DECLARATION

*UNITED STATES DISTRICT COURT*

*SOUTHERN DISTRICT OF FLORIDA*

*MIAMI DIVISION*

*CASE NO. 21-80581-CIV-RKA*

```
 SRAM, LLC,                         . Miami, Florida
                                    . February 15, 2023
            Plaintiff,              . 10:06 A.M.
                                    .
            v.                      .
                                    .
 PRINCETON CARBON WORKS, INC.,      .
                                    .
            Defendant.              .
. . . . . . . . . . . . . . . . . . .
```

- - - - -

*Transcript of Trial Proceedings had*

*before the Honorable Roy K. Altman,*

*United States District Judge, and a Jury.*

- - - - -

*VOLUME 3*

- - - - -

*Proceedings recorded by mechanical stenography, transcript produced by computer.*

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)301-3276

1  you described, but I just want to make sure, in the particular
2  instance that I raised yesterday, I wasn't raising I think the
3  issues you raised.
4        THE COURT:  I don't think it was you; I think it was
5  Mr. Ehrenreich.
6        MR. WODARSKI:  Yeah, but I just want to make clear for
7  Mr. Fowler today, so we don't take your discussion of Rule 701
8  today and apply it to Mr. Fowler.  Just to note for the Court,
9  Your Honor, our position is, as I noted yesterday, I believe,
10 with Mr. Hall, or the day before, neither Mr. Hall nor
11 Mr. Fowler are qualified experts to do one very specific thing,
12 compare the elements of the asserted claims against the accused
13 product.
14       THE COURT:  Oh, I think I agree with you on that.
15       MR. WODARSKI:  Thank you very much.
16       THE COURT:  I wasn't talking about that.
17       MR. WODARSKI:  I just want to make clear because
18 Mr. Fowler is coming on today.
19       THE COURT:  No, I'm not talking about that.  I'm
20 talking about something else.  I'm talking about
21 Mr. Ehrenreich's -- I think there were four or five objections
22 to -- Mr. Hall was presented with documents that I think
23 Mr. Katsanis had provided to him as evidence of what had
24 happened in wind tunnels and the performance of these
25 particular wheels.  And Mr. Hall was just explaining -- first

1   of all, in the course of explaining why he did or did not
2   decide or why the company did or did not decide to invest in
3   Mr. Katsanis' idea, he was basically just describing for the
4   jurors what this chart shows, and then that was part of the
5   journey to get to, and here's why we bought it, here's why we
6   didn't buy it.  And what I was explaining was, that's not
7   expert testimony.  He's a businessman.  He can explain under
8   701 why a business does or does not do certain things in the
9   course of its operations.
10              MR. WODARSKI:  Understood.  And thank you very much.
11  I just wanted to make sure that that was where the line drew --
12              THE COURT:  Yeah, I want to leave comparison of claim
13  terms and the products to the experts.  Okay?  I just think
14  that's cleaner and safer, and I don't want us to stray from
15  that.  Am I clear about that for both sides?
16              MR. WODARSKI:  Yes.  Thank you, Your Honor.
17              THE COURT:  And if you can show me -- I interrupted,
18  what were you going to say?
19              MR. WALSH:  Well, we provided three cases in our
20  response to the MIL where we believe you can do that as a lay
21  witness.  It really goes into 701(c).  Because it's what you
22  perceive, et cetera, especially with someone like Mr. Hall and
23  Mr. Fowler.
24              THE COURT:  I get it, but I just think that when we
25  perceive things, and we use the words that are in the claim

1  terms, I agree with you that to some extent, it's 701.  I just
2  think it's so confusing that under 403, I want to draw that
3  line.  Because --
4            MR. WALSH:  Understood.
5            THE COURT:  -- I don't want the juror -- because I
6  know what we're all doing, and I just don't want the jurors to
7  get confused by those claim terms being used by a lay witness.
8  That's the issue that I'm having.
9            MR. WALSH:  I understand.  I assume that applies for
10 both sides.
11           THE COURT:  Of course it applies to both sides.
12           MR. WODARSKI:  Agreed.
13           MR. WALSH:  Here's the one thing I would bring up,
14 Your Honor, and that is that they have raised and are trying to
15 pursue a claim against us for patent misuse and for unclean
16 hands.  Their claims are that we had no -- we didn't believe
17 that these infringed.  We went ahead anyway, because we're just
18 trying to be a bully and to push people out of the market.
19           How can I put on my defense that we absolutely had a
20 good-faith belief at every level that these things infringed?
21 So I would like to at least be able to present some of that
22 testimony, maybe outside the view of the jury, if you want to
23 keep it just to experts, so that it can at least be on the
24 record, that --
25           THE COURT:  Oh, because those are equitable -- those